SOUTHERN FARM BUREAU CASUALTY INSURANCE
COMPANY *v.* Terry EASTER, Rhonda Johnson, Roy
Johnson, and Ronald Taylor

01-68                                          45 S.W.3d 380

Supreme Court of Arkansas
Opinion delivered June 14, 2001

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *Constance G. Clark* and *Laura J. Andress*, for appellant.

*Osborne & Baker*, by: *Barry D. Baker*, for appellees Roy and Rhonda Johnson.

*Roy, Lambert & Lovelace*, by: *James H. Bingham,* for appellee Ronald Andrew Taylor.

RAY THORNTON, Justice. Appellant, Southern Farm Bureau Casualty Insurance Company ("Farm Bureau"), brought this declaratory judgment action, seeking a declaration that it owed neither a duty to pay, nor a duty to defend, an action brought by third parties injured in an automobile accident with a vehicle driven by appellee, Terry Easter ("Easter"), its insured, because of certain exclusions from coverage contained in the policy. Farm Bureau moved for summary judgment, asking the court to find the policy exclusions valid as a matter of law, but the trial court did not grant this motion. Appellees, Roy and Rhonda Johnson ("the Johnsons"), were passengers in Easter's vehicle, and appellee, Ronald Taylor ("Taylor"), was the driver of the car involved in the collision with Easter's truck. Appellees contended that they were injured in the collision and filed a motion for summary judgment on the basis that the exclusionary clauses were void because of public policy. The trial court granted this motion. We conclude that the trial court was correct in denying appellant's motion for summary judgment, but erred in granting summary judgment to appellees.

Easter, the owner of a pickup truck, was insured by a liability policy issued by Farm Bureau. On November 12, 1998, Easter squealed his tires as he passed through a parking lot in Rogers and

attracted the attention of two police officers as he exited the lot, running a number of stop signs with the officers in pursuit, before colliding with a car driven by Taylor. Taylor and Roy and Rhonda Johnson, who were passengers in Easter's truck, were injured in the collision. The police apprehended and arrested Easter at the scene of the accident, charging him with numerous offenses.

On December 15, 1998, the Johnsons filed a tort claim against Easter in Benton County Circuit Court, claiming that Easter's negligence was the proximate cause of the collision and seeking damages for personal injuries they allegedly sustained in the accident. Taylor filed a similar claim against Easter.

On April 9, 1999, Farm Bureau filed this action for a declaratory judgment, seeking a determination that it had neither a duty to defend Easter, nor a duty to pay any judgment against him, on the grounds that the policy it issued to Easter contained exclusions for bodily injury caused by intentional acts of the insured and for bodily injury while the insured is involved in the commission of a felony or while seeking to elude lawful apprehension or arrest by any law enforcement official. These exclusions provide, as follows:

COVERAGE EXCLUSIONS

We will not pay for:

1.  bodily injury or property damage caused by intentional acts or at the direction of you or any covered person. The expected or unexpected results of these acts are not covered.

* * *

13.  bodily injury or property damage while you or anyone using your auto with your permission is involved in the commission of a felony; or while seeking to elude lawful apprehension or arrest by any law enforcement official.

Notwithstanding these exclusions, appellees contend that the following language contained in the policy limits the applicability of these exclusionary clauses:

When certified under any law as proof of future financial responsibility, and while required during the policy period, this policy shall comply with such law to the extent required but not more than our limit of liability.

The Johnsons and Taylor filed separate motions for summary judgment, asserting that the exclusionary clauses relied upon by Farm Bureau are void as against the public policy of our state and do not apply as a matter of law to the facts of this case. At the conclusion of the May 11, 2000, hearing on motion for summary judgment, the trial court granted the appellees' motions for summary judgment, determining that, as a matter of law, the exclusionary clauses are in direct violation of the public policy of requiring insurance coverage of motor vehicles before such vehicles may be licensed.[1]

The issue on appeal is whether the trial court erred in granting summary judgment to appellees on the basis that the two exclusions contained in the policy were void because they violate principles of public policy.

At the outset, we recognize that Ark. Code Ann. § 27-22-104 (Supp. 1999) requires minimum liability insurance coverage for a vehicle operated within our state,[2] and a violation of that requirement is a Class A misdemeanor under Ark. Code Ann. § 27-22-105 (Supp. 1999).

---

[1] Section 1(a) of Act 988 of 1991 addresses the mandatory liability insurance requirements and provides that the General Assembly has determined that there is a large number of motor vehicles within this state that are not licensed and are in violation of Arkansas' motor vehicle licensing law and that the owners of these vehicles "have not complied with the mandatory insurance requirements, thereby increasing the potential financial catastrophe to others involved in the accident with them." *Id.*

[2] Ark. Code Ann. § 27-22-104 provides, in relevant part:

    (a)    (1) It shall be unlawful for any person to operate a motor vehicle within this state unless the vehicle is covered by a certificate of self-insurance under the provisions of § 27-19-107, or by an insurance policy issued by an insurance company authorized to do business in this state.

            (2) Failure to present proof of insurance coverage at the time of arrest and a failure of the vehicle insurance database to show current insurance coverage at the time of the traffic stop creates a rebuttable presumption that the motor vehicle is uninsured.

    (b) The policy shall provide as a minimum the following coverage:

        (1) Not less than twenty-five thousand dollars ($25,000) for bodily injury or death of one (1) person in any one (1) accident;

        (2) Not less than fifty thousand dollars ($50,000) for bodily injury or death of two (2) or more persons in any one (1) accident; and

        (3) If the accident has resulted in injury to or destruction of property, not less than twenty-five thousand dollars ($25,000) for the injury to or destruction of property of others in any one (1) accident.

*Id.*

■ We summarized our standard of review for summary-judgment appeals in *Norris v. State Farm Fire & Casualty Company*, 341 Ark. 360, 16 S.W.3d 242 (2000), where we stated:

> In reviewing summary judgment cases, we determine whether the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Id.* (citing Ark. R. Civ. P. 56; *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997)).

In light of our standard of review, we must first determine whether there are unresolved questions of fact that must be addressed before the applicability and validity of the exclusionary clauses can be resolved.

We consider each of the exclusionary clauses separately, beginning with the exclusion for bodily injury that occurs during the commission of a felony or while seeking to elude arrest or apprehension. Unfortunately, the facts are not resolved as to the issue whether either of these triggering circumstances actually occurred. Upon the arrival of the police at the scene of the accident, Easter was charged with multiple offenses, including reckless driving, fictitious vehicle tags, no proof of insurance, felony fleeing, driving while intoxicated, and disobeying a stop sign. These charges, if established, would appear to meet the criteria expressed for exclusion from coverage by the exclusionary clause under consideration, unless that clause is unenforceable on public policy grounds. However, the record reflects that all of these charges were *nol-prossed*, except the charge of felony fleeing, which, through a plea agreement with the State that was entered into by Easter, was amended and reduced to a misdemeanor charge of reckless driving. Easter was sentenced to six months unsupervised probation, conditioned upon his committing no new offenses, as well as seven days in the Benton County Jail, with credit for one day time served, and was assessed court costs of $150.00 and fines of $150.00.

■ Under these circumstances, a disputed issue of fact remains concerning the applicability of the exclusionary clause for bodily injury that occurs during the commission of a felony or seeking to

elude lawful apprehension or arrest. However, the trial court did not resolve this material question of fact. Only if the trial court finds that the facts presented in this case trigger the applicability of the exclusionary provision does it become necessary for the trial court to decide the subsequent question whether the policy provision excluding coverage for bodily injury or property damage based on those facts is invalid because of public policy considerations relating to our mandatory liability insurance laws. These questions should be resolved by the trial court.

■ We next address the issue posed by the other cited exclusionary clause relating to bodily injury or property damage caused by intentional acts. That clause further provides that both expected or unexpected results of such acts are excluded from coverage. We note that we have consistently limited the exclusion of accidental or unexpected results from coverage of liability policies. *See Norris, supra; Talley v. MFA Mut. Ins. Co.*, 273 Ark. 269, 620 S.W.2d 260 (1981). However, in the case before us, it is clear that factual determinations must be made by the trial court before the validity of the exclusionary clause for an intentional act can be addressed. The trial court noted that genuine issues of material fact remained for decision at the end of the May 11, 2000, hearing on motion for summary judgment:

> THE COURT: Well, first of all, I do not think you can decide based on what we have this issue about the intentional act exclusion. I think it is an issue of fact as to whether or not he intentionally caused a collision with the automobile here. Whether or not he intentionally ran a stop sign is one issue, but the other issue is whether or not he intentionally caused a collision. I do not think you can imply that he intentionally caused a collision from the fact that he may have intentionally ran the stop sign, that he may have intentionally fled from the police as far as that's concerned.

■ It is clear from these comments that the trial court recognized that there were unresolved issues of material fact pertaining to the question whether there was an intentional act that would trigger the intentional act exclusion at issue in this case. The trial court recognized that there remained unresolved questions as to whether Easter intentionally caused a collision. If, upon further development of the case, it is determined that Easter intentionally caused the collision, thereby triggering this exclusionary clause, the remaining issue is whether the public policy of the state invalidates that exclusion. However, notwithstanding the trial court's recognition of this unresolved factual issue, it granted summary judgment to appellees.

Because there were unresolved genuine issues of material fact concerning whether the collision was an intentional act, we conclude that summary judgment was erroneously granted.

■ The order granting summary judgment must be reversed because there remain genuine issues of material fact relating to each of the exclusionary clauses, and, consequently, until such issues are resolved, we cannot decide the validity of the two exclusionary clauses under the public policy consideration of requiring liability insurance for the benefit of the public, as well as for the benefit of the named insured.

Reversed and remanded.