Micheal Dewayne SIMS; Bob Bomar; Geraldine Reshel; Kenneth Way; Nathan Hutson Way; Humnoke Farms, Inc.; Gerald P. Smith; Betty Hoyt *v.* Scott FLETCHER; Keith Moser; Barry Jewell; Jewell, Moser Fletcher & Holleman, P.A., Appellees; John Holleman; Holleman & Associates, P.A., Intervenors/Appellees

06-463                                                    243 S.W.3d 863

Supreme Court of Arkansas
Opinion delivered November 30, 2006

*Timothy O. Dudley,* for appellant Bob Bomar.

*Newland & Associates, PLLC,* by: *Joel F. Hoover* and *Ray S. Pierce,* for appellant Micheal Dewayne Sims.

*Dover Dixon Horne, PLLC,* by: *Thomas S. Stone, Michael R. Johns,* and *Nona M. Robinson,* for appellants Geraldine Reshel, et al.

*Stuart Law Firm, P.A.,* by: *Ginger Stuart Schafer* and *J. Michael Stuart,* for appellants Kenneth Way, Nathan Hutson Way, and Humnoke Farms, Inc.

*Jack, Lyon & Jones, P.A.,* by: *John W. Fink,* for appellee Barry Jewell.

*Watts, Donovan & Tilley, P.A.,* by: *David M. Donovan,* for appellee/cross-appellant Scott Fletcher.

*Edward T. Oglesby* for intervenors/appellees.

DONALD L. CORBIN, Justice. This appeal stems from a proceeding for judicial dissolution of the law firm of Jewell, Moser, Fletcher & Holleman, P.A. (JMFH). Appellants Micheal Dewayne Sims,[1] Bob Bomar, Geraldine Reshel, Kenneth Way, Nathan Hutson Way, and Humnoke Farms, Inc., are purported creditors, who filed claims in the dissolution proceeding against Appellees JMFH, Scott Fletcher, Keith Moser, Barry Jewell, and Intervenor John Holleman.[2] Appellants argue on appeal that the trial court (1) violated their rights of due process by summarily denying their claims as creditors without notice or a hearing; (2) exceeded the scope of its jurisdiction in the dissolution proceeding by denying their claims that had been approved by the court-appointed receiver; and (3) erred in failing to issue more specific findings of fact and conclu-

---

[1] Currently pending before this court is separate Appellant Micheal Dewayne Sims's petition seeking a writ of certiorari, or alternatively, a writ of prohibition, on the basis that the Pulaski County Circuit Court lacked jurisdiction to void a default judgment rendered in his favor against JMFH, among other parties, in the Lonoke County Circuit Court. *Sims v. Circuit Court of Pulaski County,* 368 Ark. 498, 247 S.W.3d 493 (2006).

[2] Gerald P. Smith and Betty Hoyt were also purported creditors who filed claims below but who have not filed any briefs on appeal. Similarly, Keith Moser has filed no brief in the action.

sions of law as requested by them under Ark. R. Civ. P. 52. Because there is no final, appealable order in this case, we must dismiss the appeal without prejudice.

Jewell, a shareholder in JMFH, filed a complaint seeking judicial dissolution and an accounting of JMFH's assets in Pulaski County Circuit Court on June 19, 2003, alleging that the members of the firm stopped practicing law together on or about August 31, 2002, but continued to collect receivables owed to the firm. Fletcher, also a shareholder at one time, filed a counterclaim against Jewell on July 16, 2003, asserting causes of action for breach of contract, unjust enrichment, breach of fiduciary duty, defamation, intentional destruction of property, fraud, and negligence. Moser, also a shareholder, filed a motion to dismiss Jewell's complaint pursuant to Ark. R. Civ. P. 12(b)(6). In response to Fletcher's counterclaim and Moser's motion to dismiss, Jewell filed a motion for summary judgment, asserting that Moser had lost his license to practice law and was no longer a shareholder in JMFH and that Fletcher was also no longer a shareholder and, thus, neither party had standing to challenge the dissolution. The court entered an order on September 22, 2004, granting Jewell's motion for summary judgment as to the dissolution of JMFH. The trial court subsequently appointed Milas "Butch" Hale to serve as the receiver for JMFH pursuant to Ark. Code Ann. § 4-27-1432 (Repl. 2001).

Following entry of the trial court's order with regard to dissolution, Holleman, the fourth shareholder of JMFH, sought to intervene in the proceeding in order to seek salaries and benefits owed to him pursuant to his employment agreement with JMFH. The trial court granted Holleman's motion to intervene. Appellants also sought to intervene in this case in order to assert claims against JMFH, but the trial court determined that their interests would be adequately protected and that it was not appropriate for creditors to intervene in a judicial-dissolution proceeding.

As the dissolution proceeded, the trial court held a hearing on November 8, 2005, to begin adjudicating claims and to take testimony on what assets belonged to the firm, as opposed to individual shareholders. Hale presented the court with a list of claims filed to date and the trial court announced that as long as claims had been filed within the time period established by the receiver, it would allow creditors to amend or supplement claims if needed. The trial court then proceeded to hear testimony and take evidence with regard to what assets belonged to JMFH and

what assets belonged to certain individuals, including whether certain fees collected by Holleman after the dissolution proceeding began were fees that belonged to JMFH or to Holleman and Holleman & Associates.

At the conclusion of the hearing, the court instructed the parties, including the creditors, to submit simultaneous briefs on the issues of what assets belong to JMFH and whether, under the receivership statutes, the shareholders had any standing to object to the receiver's recommendation regarding what claims should be accepted. With regard to the creditors, the trial court stated:

> Well, let me just say this: What we're going to do, since this is a little bit of an unusual proceeding, is I am going to make sure to the best of my ability that each of your respective clients feels like they had their day in court fully and completely and try my best to make an informed decision on that.

Following questions about possible objections to individual creditor's claims, the trial court further stated:

> Well, we're not done with the claimants yet because you all haven't had a chance, either in the venues that you're in or here, so all issues are on the table with respect to your individual claims. I haven't made any decisions and didn't take any testimony or evidence with respect to that, so that's being passed.

After the parties submitted their briefs, the trial court entered an order on December 29, 2005, finding that the effective date of JMFH's dissolution was July 25, 2002, and issuing orders that Jewell, Fletcher, and Holleman pay certain monies into the court's registry for fees that had been recovered on behalf of JMFH. In addition, the trial court ruled that a default judgment obtained by Sims in Lonoke County was void ab initio because the Lonoke County Circuit Court was divested of jurisdiction once the claim for judicial dissolution was filed in Pulaski County. Sims and the other creditors were given thirty days to file additional evidence supporting their claims against JMFH.

Following the submission of amended claims, the trial court entered an order allowing certain claims sought by Jewell, Fletcher, and Holleman, as well as a claim by creditor Betty Hoyt. Appellants' claims were summarily denied. They filed a joint motion for reconsideration or new trial, and requested the court to

issue findings of fact and conclusions of law. The trial court never ruled on either motion, and the motions were subsequently deemed to be denied. No order was ever entered with regard to the causes of action brought by Fletcher in his counterclaim against Jewell.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure – Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Rule 54(b) of the Arkansas Rules of Civil Procedure deals with the finality of orders in connection with judgments upon multiple claims or involving multiple parties and states in relevant part:

> (1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

> . . . .

> (2) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Thus, our court has held that under Rule 54(b), an order is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *See Seay v. C.A.R. Transp. Brokerage Co.,* 366 Ark. 527, 237 S.W.3d 48 (2006); *Coleman v. Regions Bank,* 364 Ark. 85, 216 S.W.3d 579 (2005); *Hambay v. Williams,* 335 Ark. 352, 980 S.W.2d 263 (1998). More specifically, this court has held that an order that fails to address a counterclaim is not a final, appealable order. *See NCS Healthcare of Ark., Inc. v. W.P. Malone, Inc.,* 362 Ark. 169, 207 S.W.3d 552 (2005) (per curiam).

Here, although we are troubled by the fact that the trial court indicated that it would allow the creditors to have their day in court but then summarily denied their claims, we are unable to

address the merits of Appellants' arguments, including their argument that they were denied due process, because we do not have a final, appealable order before us. Moreover, even if we had jurisdiction over the present appeal, it is not entirely clear that we would be able to address the arguments raised in the appeal, as it is unclear from the trial court's orders why it allowed some claims but denied others. Accordingly, because Fletcher's counterclaim remains outstanding, we dismiss the present appeal without prejudice.

Appeal dismissed without prejudice.