SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY *v.* Terry EASTER,
Roy Johnson, Rhonda Johnson, and Ronald Andrew Taylor

06–885                                                251 S.W.3d 251

Supreme Court of Arkansas
Opinion delivered March 1, 2007

[Rehearing denied April 12, 2007.]

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *Constance G. Clark* and *Don A. Taylor*, for appellant.

*Roy, Lambert & Lovelace*, by: *James H. Bingaman*, for appellee Ronald Andrew Taylor.

*Osborne & Baker*, by: *Barry D. Baker*, for appellees Roy and Rhonda Johnson.

DONALD L. CORBIN, Justice. Appellant Southern Farm Bureau Casualty Insurance Company (Farm Bureau) appeals the order of the Benton County Circuit Court granting summary judgment in favor of Appellees Roy Johnson, Rhonda Johnson, and Ronald Andrew Taylor, and finding that Farm Bureau owed a duty to defend and pay any and all judgments rendered against its insured, Appellee Terry Easter. On appeal, Farm Bureau raises one argument for reversal: the trial court erred in finding that the "eluding lawful apprehension or arrest" exclusion contained in Farm Bureau's auto-

mobile policy is void as against public policy. As this is the second appeal in this case, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(7). We dismiss the appeal for lack of a final order.

A detailed description of the underlying facts of this case is included in the prior appeal, *Southern Farm Bureau Casualty Insurance Co. v. Easter*, 345 Ark. 273, 45 S.W.3d 380 (2001) (*Easter I*). In *Easter I*, we held:

> The order granting summary judgment must be reversed because there remain genuine issues of material fact relating to each of the exclusionary clauses, and, consequently, until such issues are resolved, we cannot decide the validity of the two exclusionary clauses under the public policy consideration of requiring liability insurance for the benefit of the public, as well as for the benefit of the named insured.

*Id.* at 279, 45 S.W.3d at 384. Following our ruling, on June 25, 2002, Farm Bureau filed an amended complaint for declaratory judgment seeking a declaration that it did not owe (1) a duty to pay, nor a duty to defend, the separate actions brought by the Johnsons and Taylor against Easter; and (2) a duty to Easter to pay any punitive damages, in either case, because the insurance policy validly excludes payments for punitive or exemplary damages.

In response to Farm Bureau's amended complaint, on July 11, 2002, the Johnsons filed an answer and asserted a counterclaim against Farm Bureau. In this counterclaim, the Johnsons argued that Farm Bureau, pursuant to the insurance policy issued to Easter, was required to pay medical expenses and disability income benefits to the Johnsons.

In 2003, a multitude of motions were filed by Farm Bureau, the Johnsons, and Taylor, including Farm Bureau's motion to dismiss the counterclaim and the Johnsons' motion to strike Farm Bureau's answer to the counterclaim. On September 9, 2004, the trial court held a hearing on all pending motions. In its November 12, 2004, order, the trial court, *inter alia*, denied both the Johnsons' motion to strike Farm Bureau's answer and Farm Bureau's motion to dismiss the counterclaim. This order also set a jury trial to determine the issue of whether Easter was fleeing or eluding apprehension at the time of the accident.

On November 17, 2005, a jury trial was held and the jury returned a verdict finding that Easter was seeking to elude lawful apprehension or arrest by a law enforcement official at the time of the accident. This verdict was entered into record by the trial court on January 4, 2006.

On March 9, 2006, the trial court conducted a hearing on Farm Bureau's, the Johnsons', and Taylor's renewed motions for summary judgment. After the hearing, on May 4, 2006, the trial court entered an order granting the Johnsons' and Taylor's separate motions for summary judgment, finding that Farm Bureau owed a duty to defend and pay any and all judgments rendered against Easter, up to the limit of liability and no-fault coverages dealing with injuries incurred by Taylor and the Johnsons as a result of the automobile accident on November 12, 1998: In reaching this conclusion, the trial court found that the eluding-apprehension exclusion within Farm Bureau's insurance policy violates public policy as codified in the mandatory liability insurance and no-fault provisions of Arkansas law. Additionally, the trial court dismissed without prejudice Farm Bureau's claim concerning the validity of the punitive damages exclusion within the policy of insurance issued to Easter because the issue was not yet ripe for determination. No order was ever entered with regard to the cause of action brought by the Johnsons in their counterclaim against Farm Bureau.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure – Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Rule 54(b) of the Arkansas Rules of Civil Procedure deals with the finality of orders in connection with judgments upon multiple claims or involving multiple parties and states in relevant part:

(1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

. . . .

(2) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or

other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Thus, our court has held that under Rule 54(b), an order is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *See Sims v. Fletcher*, 368 Ark. 178, 243 S.W.3d 863 (2006); *Seay v. C.A.R. Transp. Brokerage Co.*, 366 Ark. 527, 237 S.W.3d 48 (2006). More specifically, this court has held that an order that fails to address a counterclaim is not a final, appealable order. *See Sims*, 368 Ark. 178, 243 S.W.3d 863.

█ Here, a review of the record reveals that the trial court never ruled upon the Johnsons' counterclaim. Accordingly, we are barred from considering this appeal under Rule 54(b) due to the lack of a final order, and we dismiss the present appeal without prejudice.[1]

Dismissed without prejudice.

---

[1] Although this issue was not raised by either party, the question of whether an order is final and appealable is a jurisdictional question that we will raise on our own. *See Seay*, 366 Ark. 527, 237 S.W.3d 48.