Terry HANNERS *v.*
GIANT OIL COMPANY of ARKANSAS, INC.

06-800                                                      253 S.W.3d 424

Supreme Court of Arkansas
Opinion delivered March 15, 2007

*John B. Mayes; Reid, Burge, Prevallet & Coleman,* by: *Robert L. Coleman,* for appellant.

*Gill Elrod Ragon Owen & Sherman, P.A.,* by: *Matthew B. Finch,* for appellee.

DONALD L. CORBIN, Justice. Appellant Terry Hanners appeals the Mississippi County Circuit Court's order granting summary judgment in favor of Appellee Giant Oil Company of Arkansas, Inc. (Giant Oil), and its order awarding attorney's fees and costs to Giant Oil. On appeal, Hanners raises two arguments for reversal: the trial court erred in (1) granting Giant Oil's motion for summary judgment in this declaratory judgment action because the purchase-option provision drafted by Giant Oil's attorney is ambiguous, and (2) awarding $7,500 in attorney's fees and costs to Giant Oil because Ark. Code Ann. § 16-22-308 (Repl. 1999) does not allow for the award of attorney's fees in declaratory judgment actions where no claim is made to recover for breach of contract, no claim is made for the recovery of damages, and no damages are recovered. Because this case involves an issue of statutory interpretation, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(1). We dismiss the appeal for lack of a final order.

On August 12, 1981, Hanners and Giant Oil entered into a lease agreement whereby Hanners leased some property to Giant Oil for use as a gas station and convenience store. The original lease term, beginning on January 1, 1982, was for five years, with the option of renewal for up to four additional five-year terms. Additionally, the lease contained the following purchase-option provision:

> 3.4 Lessor hereby grants unto Lessee the right to purchase the premises for $150,000.00 at the end of the primary term and the first option period. Thereafter, for the three 5-year terms, this option price shall increase to $200,000.00.

Throughout the years, Giant Oil exercised its renewal option, and on June 1, 2004, during the last five-year term, Giant Oil sent a letter to Hanners notifying him of its intention to purchase the leased property in accordance with the lease agreement. In a June 25, 2004 letter, Hanners, through his attorney, informed Giant Oil that he would not sell the property because Giant Oil had failed to notify Hanners as required by the lease agreement.

On September 23, 2004, Giant Oil filed a complaint for declaratory judgment concerning the rights, status, and legal relations of Giant Oil and Hanners in the lease agreement, and seeking a judgment declaring: (a) Giant Oil had provided reasonable notice to Hanners of its exercise of the purchase option; (b) Giant Oil was contractually entitled to purchase the lease property on December 31, 2006, under the terms of the purchase option; and (c) the lease agreement did not contain a notice requirement. On November 14, 2005, Giant Oil filed a motion for summary judgment asserting that the plain and unambiguous language of the lease clearly entitles Giant Oil to purchase the leased property at the end of the primary term of the lease and at the end of any of the four optional terms of the lease.

On December 2, 2005, Hanners filed an amended answer and counterclaim.[1] In the amended counterclaim, Hanners argued that he was entitled to a judgment declaring: (a) the agreement between Hanners and Giant Oil required Giant Oil to exercise its option to purchase no later than the end of the third renewal term; (b) Giant Oil failed to purchase the property within that time provided by the lease agreement; and (c) Hanners is not obligated to sell the real property to Giant Oil at the end of the current lease term. Hanners also prayed that Giant Oil's complaint be dismissed. That same day, Hanners filed his response to Giant Oil's motion for summary judgment in which he argued that summary judgment should not be granted because the lease agreement is not clear and, at best, it is ambiguous. Hanners also argued that the lease agreement does not entitle Giant Oil to purchase at any time, but that the purchase option must be exercised before the end of the third renewal term. Lastly, in his response to Giant Oil's motion for summary judgment, Hanners requested that the court

---

[1] Hanners's original answer and counterclaim was filed on February 18, 2005.

grant the relief requested in his counterclaim. In response, on December 19, 2005, Giant Oil asked the trial court to dismiss Hanners's counterclaim.

On February 3, 2006, a hearing was held on Giant Oil's motion for summary judgment. Following this hearing, on March 27, 2006, the trial court entered judgment granting Giant Oil's motion for summary judgment finding "[t]he terms of the Lease Agreement are unambiguous, and according to the plain and ordinary meaning of Paragraph 3.4 of the Lease Agreement, Giant Oil Company of Arkansas, Inc. is entitled to purchase the property described in the Lease Agreement for $200,000.00 on December 31, 2006." The judgment related solely to Giant Oil's motion for summary judgment and did not mention or rule on Hanners's counterclaim.

Following the March 27 order, Giant Oil filed a motion for attorney's fees and costs. On July 5, 2006, a hearing was held on the motion for attorney's fees and costs. In its July 18, 2006 order, the trial court found that Giant Oil was entitled to $7,500 in attorney's fees and costs. Again, the order did not mention the cause of action brought by Hanners in his counterclaim against Giant Oil.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure – Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Rule 54(b) of the Arkansas Rules of Civil Procedure deals with the finality of orders in connection with judgments upon multiple claims or involving multiple parties and states in relevant part:

> (1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. . . .
>
> . . . .
>
> (2) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates

fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Thus, our court has held that under Rule 54(b), an order is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *See Southern Farm Bureau Cas. Ins. Co. v. Easter*, 369 Ark. 101, 251 S.W.3d 251 (2007); *Sims v. Fletcher*, 368 Ark. 178, 243 S.W.3d 863 (2006). More specifically, this court has held that an order that fails to address a counterclaim is not a final, appealable order. *Id.*

█ Here, a review of the record reveals that the trial court never ruled upon Hanners's counterclaim. Accordingly, we are barred from considering this appeal under Rule 54(b) due to the lack of a final order, and we dismiss the present appeal without prejudice.[2]

█ Finally, we take this opportunity to note that Hanners has failed to file a brief in compliance with our rules. Specifically, his brief contains an insufficient abstract. Arkansas Supreme Court Rule 4-2(a)(5) requires an abstract of the transcript that consists of "an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and *colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.*" (Emphasis added.)

In the case at bar, the abstract submitted contains the following statement:

> Since the case on appeal involves an appeal from a summary judgment and an order granting Appellee's motion for attorney fees, neither of which includes a transcript of testimony, there will be no abstract of testimony in this case.

> Although there was no testimony presented at the hearing on summary judgment or the hearing on attorney fees, transcripts of

---

[2] Although this issue was not raised by either party, the question of whether an order is final and appealable is a jurisdictional question that we will raise on our own. *See Southern Farm Bureau Cas. Ins. Co.*, 369 Ark. 101, 251 S.W.3d 251.

both of those hearings are included in the Addendum to this Brief. Arguments of counsel are not abstracted, but are included in the Addendum. The trial court's ruling at the summary judgment hearing held February 3, 2006, is abstracted below along with the trial court's ruling from the bench at the attorney fee hearing held July 6, 2006, for the convenience of the Court.

As Hanners points out, counsel for both parties made arguments to the trial court on the merits of both Giant Oil's motion for summary judgment and its motion for attorney's fees and costs. However, instead of abstracting the transcript of these hearings as required by Rule 4-2(a)(5), Hanners has included a copy of each transcript in the addendum. This does not comply with Rule 4-2(a)(5). *See Simons v. Marshall*, 369 Ark. 184, 251 S.W.3d 303 (2007) (per curiam).

Dismissed without prejudice.