2009 Ark. App. 385

**NATIONWIDE ASSURANCE COMPANY, Appellant,**

v.

**Michael LOBOV, Appellee.**

No. CA 08–982.

Court of Appeals of Arkansas.

May 13, 2009.

Anderson, Murphy & Hopkins, LLP, by: Randy P. Murphy, and Jodie L. Hill, Little Rock, for appellant.

Cullen & Co., PLLC, by: Tim Cullen, Little Rock; and Odom Law Firm, P.A., by: Alan L. Lane, Fayetteville, for appellee.

RITA W. GRUBER, Judge.

Appellee Michael Lobov was a passenger in a car involved in a one-car accident. After obtaining a default judgment of compensatory and punitive damages against the driver, Lobov filed the present declaratory-judgment action against the driver's insurance carrier, appellant Nationwide Assurance Company, seeking a declaration of coverage. The Washington County Circuit Court found that there was coverage under Nationwide's policy and Nationwide appeals. We affirm.

The events underlying this litigation occurred on the evening of August 4–5, 2005. Lobov and a friend, Jon Neralich, went to a club in Fayetteville where both consumed alcohol, Neralich to the point of intoxication. While at the club, Neralich received an urgent telephone call from his girlfriend indicating that she was in some sort of trouble. En route to aid his girlfriend, while exceeding the posted speed limit, Neralich lost control of the vehicle and crashed. Lobov, a passenger in Neralich's vehicle, was injured in the accident, requiring surgery and hospital care.

On June 2, 2006, Lobov filed a complaint against Neralich for negligence relating to the accident. The complaint sought both compensatory and punitive damages. By letter dated June 15, 2006, Nationwide determined that there was no coverage for the accident, relying on several provisions of the policy. Nationwide's policy excluded coverage for personal injuries resulting from the accidental or unintended result of a willful or malicious act by the policyholder. The policy also did not extend to the payment of punitive damages. Neralich failed to answer the complaint, and Lobov

obtained a default judgment against him. The default judgment awarded Lobov compensatory damages of $24,590.85 for past medical bills, $10,000 for past pain and suffering, and $5,000 in punitive damages.

The present case began when Lobov filed a petition for declaratory judgment against Nationwide on August 27, 2007, alleging that Nationwide had wrongfully refused coverage under the policy. Nationwide timely answered.

Nationwide later filed a motion for summary judgment. In its brief in support of the motion, Nationwide asserted that Lobov had no standing to bring the declaratory-judgment action, that Neralich's conduct in causing the accident was willful or malicious within the meaning of the policy exclusion, that the policy did not cover punitive damages, and that Lobov was residing with Neralich at the time of the accident, thereby precluding coverage. The circuit court granted the motion with respect to the punitive-damages award. However, the court denied the motion in part because there were fact questions as to whether Neralich's conduct was willful or malicious and whether Lobov was a resident of Neralich's household at the time of the accident.

The case proceeded to a bench trial. Jon Neralich discussed the events surrounding the accident. Although he admitted to drinking on the night of the accident, he denied that he knew that he was too drunk to drive or that it would cause him legal problems. He also said that he did not intend to either lose control or wreck his vehicle. Neralich denied that the police were chasing him at the time of the accident because he did not see a flashing police light or that his fleeing from the police caused the accident. He understood that he had been traveling at 100 miles per hour. Neralich did not recall doing anything deliberately or intentionally to cause the accident. On cross-examination, Neralich said that he was arrested and charged with driving while intoxicated, misdemeanor fleeing, and reckless driving. He later entered a guilty plea on all charges.

Michael Lobov testified that Neralich did not appear intoxicated, just upset or agitated. He said that Neralich was traveling at 100 miles per hour and that he asked him to slow down two to four seconds prior to the accident, but he did not know if Neralich heard him. Lobov admitted that he testified in his deposition that he did not believe that Neralich was a good driver in general and that he was concerned because Neralich was upset.

At the close of Lobov's case, Nationwide moved for dismissal on the basis of the arguments made in its motion for summary judgment. When the motion was denied, Nationwide did not put on any evidence or renew its motion.

The circuit court ruled from the bench and found that Neralich was willfully exceeding the speed limit. The court also found that Neralich did not believe that he was too impaired to drive and that he did not know that he was being pursued by the police. The court then found that Neralich's conduct in causing the accident was not willful or malicious within the terms of Nationwide's policy. Based on these findings, the court concluded that the "willful or malicious acts" exclusion did not apply and that Lobov's damages from the accident were covered under the policy.[1] The

---

1. The court also found that Lobov was not a member of Neralich's household at the time of the accident and that the exclusion for bodily injury to a resident of the insured's household did not apply. Nationwide does not make any argument concerning this exclusion in this appeal.

court's written judgment was entered on June 24, 2008.[2] This appeal followed.

■ We cannot address Nationwide's first point that Lobov is judicially estopped from asserting that Neralich's conduct was not willful or malicious within the meaning of Nationwide's policy. Although Nationwide argued that Lobov had alleged in the prior tort case that Neralich's conduct in driving while intoxicated, recklessly speeding, and fleeing |₅from the police were "willful and wanton acts" entitling Lobov to punitive damages, nowhere did Nationwide specifically argue that Lobov was judicially estopped by virtue of the earlier tort proceeding. Moreover, the circuit court did not specifically rule on the issue of judicial estoppel, either in the motion for summary judgment or in the denial of the motion to dismiss. We will not consider judicial-estoppel arguments on appeal when a party has failed to obtain a ruling from the circuit court. See, e.g., City of Fort Smith v. McCutchen, 372 Ark. 541, 279 S.W.3d 78 (2008); Beverly Enters.-Ark., Inc. v. Thomas, 370 Ark. 310, 259 S.W.3d 445 (2007).

■ Nationwide next argues that the circuit court erred in concluding that the policy exclusion for the accidental or unintended results of willful conduct did not apply because the circuit court found that Neralich was willfully speeding. We disagree.

Contrary to Nationwide's argument, the circuit court did not find that the term "willful" as used in the policy was ambiguous. Rather, the court adopted a definition of "willful" consistent with Arkansas case law and, based on that definition,

found that the exclusion at issue was ambiguous in that it is not clear in what circumstances that exclusion would apply. The cases relied upon by Nationwide for its argument that the exclusion at issue is not ambiguous, Norris v. State Farm Fire & Casualty Co., 341 Ark. 360, 16 S.W.3d 242 (2000), and Parker v. Southern Farm Bureau Casualty Insurance Co., 104 Ark. App. 301, 292 S.W.3d 311 (2009), are not dispositive in that they involve homeowners policies while the present case involves automobile insurance. The distinction between the way in which |₆homeowners and automobile drivers encounter risk under the respective policies is important.

Nationwide seeks a literal construction of the policy in which, as it confirmed at oral argument before this court, it would exclude coverage for any willful act committed by the insured party that precipitates an injury, regardless of whether the willful act was the one that actually caused the injury or whether intended by the insured to cause such harm. In these circumstances, we agree with the Nebraska Supreme Court when, on substantially similar facts, it said that:

> If we were to accept [the insurer's] argument, we would be compelled to hold that in every accident where there is any evidence of a violation of law or any evidence that the automobile was then being knowingly and intentionally operated, though perhaps in a negligent or careless or reckless manner, there would be no coverage for the damage done to another's property by reason of the driver's operation of his vehicle. In

2. Lobov filed a motion for post-judgment interest on the entire judgment, including the punitive damages. The circuit court found that Nationwide was liable for post-judgment interest on the entire amount of the compensatory damages awarded, but not on the

award of punitive damages. Nationwide filed an amended notice of appeal to include the award of post-judgment interest. However, Nationwide does not argue the issue in this appeal.

essence, we would be virtually making insured motorists uninsured motorists by reason of their own acts. We believe that that would be totally contrary to both the intent of the policy and the protection it offers, as well as the public policy of this state. Absent specific evidence to support the claim that the driver of a motor vehicle specifically intended to cause an injury similar to the type which resulted, we hold that damage to property owned by another and caused by reason of the negligent, or careless, or even reckless operation of an automobile is covered by a liability provision of a policy, as in this policy, and is not bodily injury or property damage caused intentionally by or at the direction of the insured and therefore not within the exclusion of a liability policy which specifically excludes coverage for damages to persons or property caused intentionally by or at the direction of the insured. *Sullivan v. Great Plains Ins. Co.*, 210 Neb. 846, 317 N.W.2d 375, 378 (1982).

■ Our courts have consistently limited the exclusion of accidental or unexpected results from coverage of liability policies. *Southern Farm Bureau Cas. Ins. Co. v. Easter*, 345 Ark. 273, 45 S.W.3d 380 (2001). Exclusionary endorsements must, therefore, adhere to the general requirements that the insurance terms must be expressed in clear and unambiguous language. *Castaneda v. Progressive Classic Ins. Co.*, 357 Ark. 345, 166 S.W.3d 556 (2004). Certainly not every intentional act committed by an insured in connection with the operation of his vehicle constitutes a "willful act" within the meaning of this exclusion. However, the exclusion does not clarify that it only excludes willful acts that directly injure people or property. Willfully speeding, driving in the rain, turning on the radio, or performing any number of "willful acts" while operating one's vehicle may indirectly lead to an accident. Excluding coverage for all of these willful acts would, however, effectively nullify an insured's coverage under the policy. Accordingly, we hold that the circuit court correctly found coverage for Lobov's injuries.

■ Finally, Nationwide argues that the circuit court erred in finding that Neralich did not willfully operate his vehicle after consuming alcohol or willfully flee from the police. In his testimony, Neralich said that he drank on the night of the accident. He also said that he did not know he was too drunk to drive. Neralich also testified that he did not willfully flee from the police because he did not recall seeing any flashing lights. Nationwide relies on the fact that Neralich entered a guilty plea to establish that Neralich was acting willfully in fleeing from the police. The circuit court made findings that Neralich did not feel that he was impaired to drive and that "the credible testimony was that [Neralich] didn't know he was being pursued by anybody."

Both of these determinations were essentially findings of credibility. The standard of review of a circuit court's findings of fact after a bench trial is whether those findings are clearly erroneous. *First Nat'l Bank v. Garner*, 86 Ark.App. 213, 167 S.W.3d 664 (2004). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In deferring as we must to these findings made by the circuit court, we cannot say that they are clearly erroneous.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.