I. Procedural Difficulties
In September 2013, Plaintiffs Lewis, Stukenborg, and Wise filed their first amended complaint adding Randy Bartlett[1] as a party plaintiff and asserting that the complaint was in the nature of a class action. Again, Lewis signed the complaint on behalf of himself as well as Stukenborg, Bartlett, and Wise.[2] The City again answered, but the caption heading of the answer did not include Randy Bartlett.
In September 2014, Lewis, Stukenborg, Bartlett, and Wise, as plaintiffs, filed a motion for summary judgment, again signed only by Lewis. The City responded to the motion, followed by the plaintiffs' reply, which again was signed only by Lewis-this time as counsel for the plaintiffs. At the hearing on the motion for summary judgment, the City argued that Lewis should be removed as counsel of record since he was currently acting in the role of party, attorney, and witness.[3] The trial court advised Lewis that he could not go forward as both counsel and witness and urged him to take corrective action. Concerning whether the other landowners around Lake Norrell were necessary parties to the action, the court indicated that it believed they were, but it is unclear from the record whether the court made a definitive ruling on the issue. Ultimately, the court declined to rule on the motion for summary judgment at that time.
In December 2014, Lewis, Stukenborg, Bartlett, and Wise, as plaintiffs, filed a second amended complaint signed by Lewis as counsel for the plaintiffs. The City *915 answered the second amended complaint, again failing to list Bartlett as a plaintiff in the caption.
On July 9, 2015, attorneys Laura Mitchell and Fred Hart entered their appearances as counsel for Lewis, Stukenborg, Bartlett, and Wise. Despite this entry of appearance, Lewis continued to file pleadings on his own behalf and as counsel for Stukenborg, Bartlett, and Wise, including a request for a continuance so that plaintiffs could petition for quiet title joining all necessary parties. No amendments were forthcoming.
In October 2016, the City filed a motion to dismiss under Rule 41 of the Arkansas Rules of Civil Procedure for failure to prosecute. In response, the plaintiffs stated that the other landowners were not necessary parties to plaintiffs' claim that the regulations are invalid and claimed that Bartlett should be dismissed as a party since he had sold his home and no longer had standing to object to the ordinance.
The court conducted a hearing on the motion to dismiss. At the hearing, Lewis indicated to the court that Bartlett had moved and that Wise was in the process of moving. The trial court denied the motion to dismiss for failure to prosecute in a February 28, 2017 order. However, the court's order did not dismiss Bartlett as a party, nor did it conclude that the other landowners were not necessary parties, and no subsequent order to that effect has ever been entered.
A bench trial was held April 19, 2017. At the beginning of the trial, Lewis informed the court that he was being represented by counsel; that the other plaintiffs were not present, nor would they be testifying at trial; and that Bartlett had been dismissed. The court received evidence and then entered an order denying the quiet-title action and request for an injunction. The final order, prepared by the City and filed on May 5, 2017, speaks in terms of the plaintiffs (plural), but lists only Lewis, Stukenborg, and Wise in the caption. No specific mention is made of Bartlett or his claims, and no order is formally entered dismissing him as a party. The notice of appeal includes Bartlett in the caption, states that plaintiffs (plural) are appealing the May 5, 2017 order denying their claims, and is signed by Lewis on behalf of himself, Stukenborg, Wise, and Bartlett.
B. The Claims
The plaintiffs sued initially seeking a temporary and permanent injunction enjoining the City from enforcement of an ordinance and an order quieting title to land in the landowners based on three theories: (1) that the City lacked the authority to legislate matters concerning Lake Norrell, which is located outside its jurisdictional corporate limits; (2) that the 1952 deeds transferring the title to the land under Lake Norrell to the City were void for vagueness and title should revert to the landowners surrounding the lake, and (3) that the ordinance regulating water quality in Lake Norrell exceeded the police power of the City. To these claims, the City generally denied the allegations and responded that it owned Lake Norrell.
The plaintiffs filed amended complaints reasserting some of the same allegations as the original complaint but changing or dropping others. The amended complaints did not incorporate by reference any of the previous complaints filed by the parties. The plaintiffs' second amended complaint did add an averment that the City's permitting fees amounted to taxation without representation. For the most part, however, the amended complaints added new claims that pertained only to Lewis. Specifically, Lewis claimed that he was the rightful owner of the land below Lake *916 Norrell pursuant to a 2013 quitclaim deed from one of the City's predecessor in interests-a corporation previously dissolved in 1975 but reincorporated by Lewis in 2013.[4] As a result, he requested payment of a reasonable fee from the City to Lewis for its taking and selling of his water in Lake Norrell.
II. Analysis
The law concerning appealable orders is clear. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Rule 54(b) of the Arkansas Rules of Civil Procedure provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. See also S. Farm Bureau Cas. Ins. Co. v. Easter , 369 Ark. 101, 251 S.W.3d 251 (2007). Under Rule 54(b), the trial court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties by making an express determination, supported by specific factual findings, that there is no just reason for delaying an appeal. See Kowalski v. Rose Drugs of Dardanelle, Inc. , 2009 Ark. 524, 357 S.W.3d 432. Without this required certification, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties. See Ark. R. Civ. P. 54(b)(2).
The progress of this case with respect to the claims and parties involved is less than clear. What is clear from the record, however, is that it fails to reflect that Bartlett's interest in the litigation has been formally resolved by the trial court. Absent certification under Rule 54(b), any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties will not terminate the action. See
Sammons v. Seeco, Inc. , 2011 Ark. App. 436, 2011 WL 2394459 (holding that a formal disposition of a named plaintiff's claims is necessary for a final, appealable order). No such certification was made in this case. Because appellants are appealing from an order that is not final and there is no Rule 54(b) certification, their appeal is dismissed without prejudice.
Dismissed without prejudice.
It appears the plaintiff's name is actually Randy Bartley, as shown by his signature contained in an affidavit filed with the court. However, the pleadings at times refer to him as Bartlett. As he was identified as Bartlett in the amended complaint and in the notice of appeal, we will refer to him as Bartlett in this opinion to avoid further confusion.
This first amended complaint did not specifically state that the plaintiffs were proceeding "pro se."
Lewis has filed at least two affidavits averring several factual statements regarding the elevation of Lake Norrell based on his GPS recordings and the topographical maps produced by the United States Geological Survey.