Cite as 2022 Ark. App. 492

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-22-9

| | |
|---|---|
| SHANE EISMAN | Opinion Delivered November 30, 2022 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCV-18-735] |
| V. | |
| ELIZABETH PORNJAROEN APPELLEE | HONORABLE DIANNA HEWITT LADD, JUDGE |
| | DISMISSED WITHOUT PREJUDICE |

## WAYMOND M. BROWN, Judge

Appellant Shane Eisman appeals from the September 9, 2021, order entered by the Sebastian County Circuit Court finding that he owed appellee Elizabeth Pornjaroen $52,000. Appellant argues that the circuit court erred by authenticating text messages submitted during the hearing. We cannot address the merits of this appeal at this time because there is not a final, appealable order.

On June 7, 2018, appellee and Suchada Chaikun filed a complaint against appellant contending that he owed them a total of $52,000 based on loans they had made to him between May and August 2016. Appellant filed an answer on July 25, denying the material allegations of the complaint. On September 4, appellee filed an amended complaint, again alleging that appellant owed her $52,000. Chaikun's name was not on the amended

complaint. Appellant filed an answer to the amended complaint on October 9, denying the material allegations. The heading on appellant's answer included both appellee's and Chaikun's names. In an order filed on May 15, 2019, the case was transferred to another division. This order also contained the names of both plaintiffs. Appellant subsequently retained new counsel and filed another answer to the amended complaint on September 23 denying the material allegations thereof. Both plaintiffs were listed in this answer. All motions and correspondence filed by appellee contained only her name. The circuit court's orders in response to the documents also named only appellee as the plaintiff. In the April 30, 2020, continuance motion filed by appellant, only appellee was listed in the heading. A hearing took place on August 18, 2021. At the conclusion of the hearing, the circuit court took the matter under advisement. The circuit court filed a letter opinion on August 20, awarding appellee $52,000 against appellant. The order was filed on September 9. Appellant filed his notice of appeal on October 8.

The law concerning appealable orders is clear. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Rule 54(b) of the Arkansas Rules of Civil Procedure provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order.[1] Under Rule 54(b),

---

[1]*See also S. Farm Bureau Cas. Ins. Co. v. Easter*, 369 Ark. 101, 251 S.W.3d 251 (2007).

the circuit court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties by making an express determination, supported by specific factual findings, that there is no just reason for delaying an appeal.[2] Without this required certification, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties.[3]

The record on appeal fails to reflect that Chaikun's interest in the litigation has been formally resolved by the circuit court.[4] Absent certification under Rule 54(b), any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties will not terminate the action.[5] No certification was made in this case. Because appellant is appealing from an order that is not final and there is no Rule 54(b) certification, his appeal is dismissed without prejudice.

Dismissed without prejudice.

KLAPPENBACH and GRUBER, JJ., agree.

*Gean, Gean & Gean*, by: *Roy Gean III*, for appellant.

*Lisa-Marie Norris*, for appellee.

---

[2]*See Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432.

[3]*See* Ark. R. Civ. P. 54(b)(2).

[4]There is no indication that Chaikun was dismissed from the case by any order or that appellee sought to have her removed.

[5]*See Sammons v. SEECO, Inc.*, 2011 Ark. App. 436 (holding that a formal disposition of a named plaintiff's claims is necessary for a final, appealable order).