Cite as 2025 Ark. App. 58

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-23-210

| | |
|---|---|
| M.L. HUGHES II | **Opinion Delivered** February 5, 2025 |
| APPELLANT | APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT |
| V. | [NO. 56CV-18-37] |
| STEVE TURNER; MARK TURNER, INDIVIDUALLY AND AS TRUSTEE OF THE MARK E. TURNER REVOCABLE TRUST; AND S&M TURNER PROPERTIES | HONORABLE RANDY F. PHILHOURS, JUDGE |
| APPELLEES | DISMISSED WITHOUT PREJUDICE |

## BRANDON J. HARRISON, Judge

M.L. Hughes II appeals the circuit court order finding that Steve Turner; Mark Turner, individually and as trustee of the Mark E. Turner Revocable Trust; and S&M Turner Properties (the Turners) are the owners of certain property in Poinsett County, Arkansas. Hughes argues that the Turners failed to prove the elements of adverse possession and failed to comply with the requirements in the quiet-title statutes. We dismiss without prejudice for lack of a final order.

This case is a dispute over 183.97 acres of hunting land (the "Property"). Between 1931 and 1940, C.M. Turner, grandfather of the Turners, bought the Property via tax deeds. On 16 October 1940, Lorena and C.M. Turner deeded the Property to C.M. Turner as trustee of the Hood Lake Hunting Club (the "Club"). At that time, the Club consisted of

the following members: C.M. Turner, W.L. Hughes, J.B. Smith, F.H. Micklish, and M.W. Hart.

The present litigation began in 2018 when James Hart, a descendant of M.W. Hart, filed a petition for construction of trust and for appointment of successor trustee. Hart asserted that C.M. Turner is deceased, and to his knowledge, a successor trustee has not been appointed. Further, all the original members of the Club are deceased, and to his knowledge, none of those members transferred their respective membership interests in the Club during their lifetimes. The petition named twenty-two respondents and "unknown heirs" of the original members (except M.W. Hart), representing all those who might have an interest in the property, including the Turners, Hughes, and Edward Clarke. Hart sought the appointment of a successor trustee and a declaration that he and the Turners are the only current members of the Club.

Relevant to this appeal, Clarke answered and asked to be declared both a member and the successor trustee of the Club. The Turners responded by asserting an adverse-possession counterclaim against Hart; an adverse-possession cross-claim against several other respondents; and an adverse possession third-party claim against several additional respondents, including Hughes. Hughes filed a general answer and asked that the petition be dismissed.

Over most of the next three years, the parties progressed with effecting service, filing various pleadings, and conducting discovery. At least ten respondents filed an entry of appearance, waiver of service, and statement of lack of interest. On 8 June 2021, the court convened a hearing and was assured by Hart's attorney that, with the exception of two

2

respondents, "everybody [has been] served, and they have either answered or defaulted." The court held a bench hearing on August 11–12 and began by asking the parties to review the procedural status of the case. The Turners asserted that the only claim left to try was their adverse-possession claim against Hughes. Hughes, on the other hand, contended that the Club still exists and that Hughes, as the grandson of original Club member, W.L. Hughes, is a member and is entitled to the benefits of a member. The circuit court ultimately ruled that the Turners are the sole owners of the Property and included the following paragraph in its written order:

> At the beginning of the trial or earlier, the Court was advised that the Turner Parties had settled their case with the Plaintiff, James Greg Hart and with Edward Hollis Clarke III and that all other parties not settled with or otherwise listed herein have either defaulted, asserted no interest in the real property in question herein, or have transferred their interest to the Turner Parties. As a result, the only parties to this action that remain at the time of trial are the Turner Parties and M.L. Hughes II.

Hughes timely appealed the circuit court's order.

On 26 September 2023, the Turners filed in this court a motion to dismiss the appeal for lack of a final order. They explain that they settled with other parties (specifically Hart and Clarke) during the litigation, and the settlements are mentioned in the court's order, but no order was ever entered dismissing Hart's or Clarke's claims for relief. And although the abandonment language required by Ark. R. App. P.–Civ. 3(e)(vi) does appear in the notices of appeal, it does not create finality because Hughes cannot dismiss Hart's and Clarke's claims with his notice of appeal. He can abandon only his own claims.

Hughes responds that the court's order is clearly appealable under the plain and unambiguous language of Ark. R. App. P.–Civ. 2, specifically the following subsections that

3

allow an appeal to be taken: (1) A final judgment or decree entered by the circuit court; (2) An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action; (3) An order which grants or refuses a new trial; (4) An order which strikes out an answer, or any part of an answer, or any pleading in an action.

Hughes explains that subsection (4) applies because the circuit court granted the Turners' motion to strike a letter with treatise excerpts and a second amended answer filed by Hughes after the bench trial had concluded and the parties had submitted proposed findings of fact and conclusions of law. Subsection (3) applies because his postjudgment motion, which included a request for a new trial, was denied. Subsections (1) and (2) apply because the court's order is both a "final judgment or decree" under Rule 2(a)(1) and is also an order "which in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action" under Rule 2(a)(2). The order finds that the Turners are the "sole owners" of the property and declares itself a "final order for all purposes."

Regarding Hart and Clarke specifically, Hughes asserts that a "Consent Order of Dismissal with Prejudice" as to Hart was filed on 31 May 2022. Hughes also states that a similar order for Clarke was probably prepared, but "Hughes can find no evidence in the record on Appeal or eFlex that such an Order ever found its way into the Court file." He asserts that this is of no moment, however, because as noted above, the orders striking Hughes's pleadings and other filings and denying Hughes's motion for new trial both support appealability under Ark. R. App. P.–Civ. 2(a)(1) and (2) standing alone.

4

Hughes is correct that the circuit court entered a consent order on 31 May 2022 dismissing the claim between Hart and the Turners. As to Clarke, Hart is the one who named Clarke as a respondent; the Turners did not. Whatever settlement Clarke and the Turners may have reached, it is not relevant for our purposes. Clarke was a named respondent in Hart's original petition, and he appeared by filing an answer and participating in discovery. The record does not show what resolution was reached, if any, between Hart and Clarke.

In addition, a review of the record has revealed four people—Max Turner, Leah Abbott, Cynthia Turner, and Janice Lambert—who were named in the Turners' adverse possession cross-claim (Max Turner and Abbott) or their third-party claim (Cynthia Turner and Lambert). The record shows all four individuals were served, but there is no further resolution of the Turners' claims against them.

As to Hughes's asserted bases for appellate jurisdiction, the case law shows that when Ark. R. App. P.–Civ. 2(a)(4) is invoked, the appellate court is either looking at whether the granting of the motion to strike was proper or reviewing a default judgment that resulted from the strike of an answer. "[A]ppellate jurisdiction under Rule 2(a)(4) extends to 'all the issues dependent upon the stricken answer,' including default judgments." *Wood v. Alkhaseh*, 2023 Ark. App. 179, at 10, 666 S.W.3d 87, 94 (quoting *Arnold & Arnold v. Williams*, 315 Ark. 632, 637, 870 S.W.2d 365, 367 (1994)). Here, Hughes is not arguing on appeal that the circuit court erred in granting the Turners' motion to strike, so it appears inappropriate to assert appellate jurisdiction on this basis. The same holds true for relying on the denial of a new trial for appellate jurisdiction. Hughes did make an argument based

5

on Rule 59 in his postjudgment motion, but he has abandoned that argument on appeal and makes no specific argument based on Rule 59.

As to subsection (1), a circuit court's declaration that an order is final does not necessarily make it so. As to subsection (2), while the circuit court's order "discontinues the action" between Hughes and the Turners, it does not dispense with the other parties and claims as explained above.

The law concerning appealable orders is clear. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all parties is not a final, appealable order. *See also S. Farm Bureau Cas. Ins. Co. v. Easter*, 369 Ark. 101, 251 S.W.3d 251 (2007) (noting that an order that fails to address a counterclaim is not a final, appealable order). Under Rule 54(b), the circuit court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties by making an express determination, supported by specific factual findings, that there is no just reason for delaying an appeal. Without this required certification, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties. See Ark. R. Civ. P. 54(b)(2). In this case, Hughes is appealing from an order that is not final, and the appeal is therefore dismissed without prejudice.

Dismissed without prejudice.

KLAPPENBACH, C.J., and VIRDEN, J., agree.

*Reid, Burge, Prevallet & Coleman*, by: *Robert L. Coleman*, for appellant.

*Lyons & Cone, PLC*, by: *Jim Lyons*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellees.