James Philip McKINNEY, Special Administrator of the Estate of Elijah James McKinney, Deceased *v.* Dr. Robert G. BISHOP; Dr. David A. Dias; and Van Buren H.M.A., Inc., D/B/A Crawford Memorial Hospital

06-1033                                                              252 S.W.3d 123

Supreme Court of Arkansas
Opinion delivered March 8, 2007

Law Offices of Charles Karr, P.A., by: *Charles Karr*, and *James R. Filyaw*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *J. Michael Cogbill* and *Rebecca D. Hattabaugh*, for appellee Van Buren H.M.A. d/b/a Crawford Memorial Hospital.

*Warner, Smith Harris, PLC*, by: *Wayne Harris* and *Stephanie Harper Easterling*, for appellee Dr. David A. Dias.

ANNABELLE CLINTON IMBER, Justice. This is an appeal from the circuit court's order of dismissal in favor of Appellees Dr. Robert G. Bishop ("Dr. Bishop"), Dr. David A. Dias ("Dr. Dias"), and Van Buren H.M.A., Inc., d/b/a Crawford Memorial Hospital ("Crawford Memorial Hospital"). Because the circuit court's order is not a final, appealable order as required by Arkansas Rule of Appellate Procedure – Civil 2 and Arkansas Rule of Civil Procedure 54(b), we dismiss the appeal without prejudice.

Appellant James Phillip McKinney ("McKinney"), as special administrator of the estate of Elijah James McKinney, deceased, filed a complaint against Appellees and John Does 1-10, alleging survival and wrongful-death claims based on ordinary negligence, medical malpractice, and the violation of Ark. Code Ann. § 12-12-507 (Supp. 2005), which governs reports of suspected abuse or neglect. McKinney also sought a declaratory judgment declaring certain sections of Act 649 of 2003, codified at Ark. Code Ann. §§ 16-55-201 through 16-55-220 (Repl. 2005), "unconstitutional or otherwise invalid."

Pursuant to Rule 12(b) of the Arkansas Rules of Civil Procedure, Dr. Bishop and Crawford Memorial Hospital each filed a separate motion to dismiss McKinney's complaint, alleging that he failed to meet the requirements of Ark. Code Ann. § 16-114-209 (Repl. 2006). According to that statutory provision, an affidavit containing a medical expert's opinion as to the standard of care in the particular specialty, the breach of that standard, and the

resulting injury, must be filed by the plaintiff within thirty days of filing a medical-malpractice action; otherwise, the action shall be dismissed by the circuit court. Ark. Code Ann. § 16-114-209. Pursuant to Rule 56 of the Arkansas Rules of Civil Procedure, Dr. Dias filed a motion for summary judgment, also alleging that McKinney failed to satisfy the requirements of section 16-114-209.

Following the filing of an amended complaint and a hearing on the motions, the circuit court entered an order of dismissal on May 24, 2006. The order states in relevant part:

> IT IS THEREFORE CONSIDERED, ORDERED AND AD-JUDGED that the Motions to Dismiss filed on behalf of each of the respective Defendants in this case, Dr. Robert G. Bishop, Dr. David A. Dias, and Van Buren, H.M.A., Inc. d/b/a Crawford Memorial Hospital, should be and hereby are granted and the Plaintiff's Complaint and cause of action is DISMISSED in its entirety with prejudice.

McKinney subsequently filed a motion for clarification and reconsideration, requesting that the circuit court clarify whether the dismissal was with or without prejudice. In the event the dismissal order was intended to be with prejudice, McKinney requested a ruling on each issue raised and argued so the issues would be preserved for appeal. On June 26, 2006, the circuit court entered an order denying McKinney's motion for clarification and reconsideration. More specifically, the circuit court found that the required affidavit was not timely filed and that the amended complaint did not relate back to the filing of the original complaint. With regard to McKinney's constitutional challenge, the circuit court made the following rulings: Act 649 of 2003 is not special legislation in violation of Amendment 14 of the Arkansas Constitution; the Act does not deny McKinney due process of law and equal protection of the laws as guaranteed by the Arkansas and United States Constitutions; the Act does not violate the "open courts" provision of the Arkansas Constitution; the Act does not violate the separation-of-powers doctrine of the Arkansas and United States Constitutions; the Act is not in violation of the supersession rule adopted by the Arkansas Supreme Court; and the Act is not in violation of Act 38 of 1973, codified at Ark. Code Ann. § 16-11-302 (repealed 2003). Furthermore, the circuit court upheld the constitutionality of the provisions of Act 649 of 2003 fixing venue in Crawford County and requiring McKinney to file an affidavit signed

by an expert in a similar area of medical care as each defendant medical care provider. From that order, McKinney now appeals.

Arkansas Rule of Civil Procedure 54(b) provides in relevant part that

> any judgment, order, or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of *fewer than all the parties* shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Ark. R. Civ. P. 54(b)(2) (2006) (emphasis added). While none of the parties raise this issue, the question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise *sua sponte. See Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005).

In the instant case, there is neither a final order as to John Does 1-10, nor is there a 54(b) certification. Accordingly, we conclude that McKinney's claims against John Does 1-10 are still pending. Because there is not a final order as to these defendants nor a Rule 54(b) certification, we do not have jurisdiction to hear this case and we dismiss this appeal without prejudice so that the circuit court may enter an order as to the remaining defendants, John Does 1-10. *See Jones v. Huckabee, supra; Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003); *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998).

Appeal dismissed without prejudice.