2009 Ark. 524

Virginia KOWALSKI, Individually and as Special Administratrix of the Estate of Kevin Allen Curry, Deceased, and on behalf of the Statutory Beneficiaries of the Estate of Kevin Allen Curry, Appellant,

v.

ROSE DRUGS OF DARDANELLE, INC. and Randeep Mann, M.D., Appellees.

No. 09–26.

Supreme Court of Arkansas.

Oct. 29, 2009.

Todd L. Griffin, Little Rock, for appellant.

Anderson, Murphy & Hopkins, L.L.P., by: Scott D. Provencher, and Jarrod Russell, Little Rock, for appellee Rose Drugs of Dardanelle.

Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, for amicus curiae Arkansas Trial Lawyers Association.

PAUL E. DANIELSON, Justice.

Appellant Virginia Kowalski, individually and as special administratrix of the Estate of Kevin Allen Curry, Deceased, and on behalf of the statutory beneficiaries of the Estate of Kevin Allen Curry ("the Estate"), appeals from the circuit court's order granting summary judgment to appellee Rose Drugs of Dardanelle, Inc. Its sole point on appeal is that the circuit court erred in concluding that Rose Drugs, as a pharmacy, had no general duty to warn, not to fill dangerous prescriptions, and to inquire of a prescribing physician.

Because the circuit court's order did not contain specific factual findings that there was no just reason for delay in accordance with Arkansas Rule of Civil Procedure 54(b), we dismiss the appeal ₂without prejudice for lack of a final order.

■ Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. The question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. *See McKinney v. Bishop*, 369 Ark. 191, 252 S.W.3d 123 (2007). Rule 54(b) of the Arkansas Rules of Civil Procedure deals with the finality of orders in connection with judgments upon multiple claims or involving multiple parties. *See Hanners v. Giant Oil Co. of Arkansas, Inc.*, 369 Ark. 226, 253 S.W.3d 424 (2007). The rule provides, in pertinent part:

(1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination, supported by specific factual findings, that there is no just reason for delay* and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute the following certificate, which shall appear immediately after the court's signature on the judgment, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based:

*Rule 54(b) Certificate*

With respect to the issues determined by the above judgment, the court finds:

[Set forth specific factual findings.]

Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.

Certified this ⎯⎯ day of ⎯⎯, ⎯⎯.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Judge

₃Ark. R. Civ. P. 54(b)(1) (2009) (emphasis added).

In *Franklin v. Osca, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992), this court addressed the requirements of Rule 54(b), observing that under the rule, "the trial court may enter a final judgment or order in a multiple claims or multiple parties case by making an *express determination* that there is no reason to delay an appeal." 308 Ark. at 411, 825 S.W.2d at 814 (emphasis in original). It then went on to state:

In other words, the court must *factually* set forth reasons in the final judgment, order, or the record, which can then be abstracted, explaining why a hardship or injustice would result if an appeal is not permitted. Accordingly, we accept the appeal in this case, but henceforth give notice that under the terms of 54(b), the final judgment, order or record must contain specific facts supporting the trial court's determination that there is some danger of hardship or injustice which would be alleviated by an immediate appeal.

*Id.* at 411–12, 825 S.W.2d at 814 (emphasis in original).

■ Here, the circuit court's 54(b) certificate merely states the following:

With respect to the issues determined by the above judgment, the court finds: In reliance upon the decision of Judge Waters in *Kohl v. American Home Products Corp.*, 78 F.Supp.2d 885 (W.D.Ark.1999), this Court ruled that Rose Drugs had no duty to reject the prescriptions, which were prescribed by Dr. Randeep Mann to Kevin Curry, and had no duty to warn Kevin Curry of risks associated with those prescriptions. The Court finds that there are no genuine issues as to any material fact that Rose Drugs complied with the duty announced in the *Kohl* decision, which was to fill the prescriptions as prescribed and properly label those prescriptions.

Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.

It is clear from the circuit court's order that it does not include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal, nor does it detail facts that establish such a hardship or injustice. *See, e.g., Davis v. Wausau Ins. Cos.*, 315 Ark. 330, 867 S.W.2d 444 (1993).

While the Estate's abstract of the record and the record itself demonstrate that the need for 54(b) certification was discussed by the parties and the circuit court, our caselaw makes clear that such discussions on the record alone are insufficient to cure a defective certification. Factual underpinnings supporting a Rule 54(b) certification must be set out in the circuit court's order. *See Howard v. Dallas Morning News, Inc.*, 324 Ark. 91, 918 S.W.2d 178 (1996); *Wormald U.S., Inc. v.*

*Cedar Chem. Corp.*, 316 Ark. 434, 873 S.W.2d 152 (1994).

Because the instant order does not include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal, nor does the instant order detail facts that establish such a hardship or injustice is likely, it fails to comply with Rule 54(b). Accordingly, we dismiss this appeal without prejudice.

Appeal dismissed without prejudice.