# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-12-1023

| | |
|---|---|
| SHONA CHRISTY<br><br>APPELLANT<br><br>V.<br><br>KIRK MCGILTON<br>APPELLEE | **Opinion Delivered** August 28, 2013<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. CV-2010-198-4]<br><br>HONORABLE DON GLOVER, JUDGE<br><br>APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

In September 2010, Kirk McGilton was burning leaves and debris on his mother's property. He lost control over the fire, and the Forestry Commission was called. The Forestry Commission made a fire lane to control the fire and stayed on the property until the debris smoldered, but the fire rekindled and spread. The Foresty Commission returned and built another fire lane, this time on Shona Christy's property. Legal problems between McGilton and Christy ensued.

Christy filed a complaint in October 2012 that sought, among other things, to quiet title to certain property listed in her complaint, injunctive relief, as well as compensatory and punitive damages related to property damage. In March 2012, a jury trial was held to determine Christy's property-damage claim. The jury returned a verdict for McGilton. The court then entered judgment on the verdict, and Christy subsequently

filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. McGilton opposed the posttrial motion.

In June 2012, the circuit court entered an amended order that stated,

IT IS THEREFORE, by the Court, Considered, Ordered and Adjudged, that the Plaintiff's Complaint, insofar as it pertains to property damage sustained by the Plaintiff resulting from a fire, be dismissed with prejudice.

The Court retains jurisdiction over the portions of the Plaintiff's Complaint involving an action for Quiet Title and Adverse Possession. The Court finds that this order is a final, appealable order because the Quiet Title and Adverse Possession action is totally separate from the property damage issue that was tried to a conclusion before a jury, and in which a verdict was reached.

Christy timely appealed from this amended order.

We cannot decide this appeal's merits right now because we lack jurisdiction to do so. As a threshold issue, we must determine whether the judgment being appealed is final for appellate-jurisdiction purposes. Ark. R. Civ. P. 54(b) (2012); Ark. R. App. P. –Civil 2 (2012). Neither party has raised this jurisdictional question, but we must address it on our own initiative when there appears to be a finality problem. *Chitwood v. Chitwood*, 2013 Ark. 195.

"[A]ny judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." Ark. R. Civ. P. 54(b)(2). Rule 54(b) of the Arkansas Rules of Civil Procedure permits an appeal from an order that disposes of some of the claims or parties when the court provides a proper certificate. *Deer/Mt. Judea Sch. Dist. v. Beebe*, 2012 Ark. 93. Without a Rule 54(b) certificate from

2

the circuit court directing that the order on appeal is final, however, an order that fails to adjudicate all claims as to all the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Id.*

That is what we have here: an order that does not adjudicate all the parties' claims, and no proper Rule 54(b) certificate. The court's order expressly leaves Christy's quiet-title and adverse-possession claims unresolved, and there is no Rule 54(b)-compliant certificate that includes specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal, nor does it detail facts that establish such a hardship or injustice. *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432. Consequently, we dismiss this appeal without prejudice for want of jurisdiction.

Appeal dismissed.

GLADWIN, C.J., and WALMSLEY, J., agree.

*Billy J. Hubbelli*, for appellant.

*Matthews, Sanders & Sayes*, by: *Doralee Chandler* and *William Sanders*, for appellee.