# ARKANSAS COURT OF APPEALS

## DIVISION II
**No.** CV-12-898

| | |
|---|---|
| CONNIE WATKINS AND RICHARD WATKINS | **Opinion Delivered** October 2, 2013 |
| APPELLANTS | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. CV-06-335] |
| V. | |
| CITY OF PARAGOULD, ACTING BY AND THROUGH THE PARAGOULD LIGHT & WATER COMMISSION | HONORABLE DAVID N. LASER, JUDGE |
| APPELLEE | DISMISSED WITHOUT PREJUDICE |

**ROBERT J. GLADWIN, Chief Judge**

Appellants, Connie and Richard Watkins, appeal pro se from orders of the Greene County Circuit Court granting appellee, the City of Paragould, a prescriptive easement over appellants' property and enjoining appellants from interfering with the easement. We dismiss the appeal due to lack of a final order.

The parties have been engaged in a long-standing conflict over the City's efforts to trim trees on or near appellants' property. In November 2006, the conflict escalated to the point that appellant Connie Watkins was arrested for disorderly conduct.[1] After that incident, the City filed a petition in the Greene County Circuit Court claiming an easement over appellants' property and asking that appellants be enjoined from harassing City workers and interfering with the City's maintenance of its electrical lines. Appellants responded with a

---

[1]Mrs. Watkins's conviction for disorderly conduct was affirmed by our court in *Watkins v. State*, 2010 Ark. App. 85, 377 S.W.3d 286.

counterclaim that, over time, included approximately twenty-seven counts against the City. Many of the counts were dismissed; others were set for trial, separate and apart from the City's petition for an injunction.

The trial court heard the injunction petition over several days and entered an order on May 10, 2012, enjoining appellants from interfering with the City's prescriptive easement over their property. Though appellants' counterclaim remained pending, they filed a notice of appeal from the May 10, 2012 order, from orders denying their posttrial motions, and from several previous orders. The City moved to strike the notice of appeal on the ground that no final order had been entered, due the pendency of appellants' counterclaim. *See* Ark. R. Civ. P. 54(b)(2) (2013) (providing that, absent a certificate executed by the circuit court in compliance with the rule, an order that adjudicates fewer than all of the claims in a lawsuit shall not terminate the action).

At a subsequent hearing, appellants expressed an interest in obtaining a Rule 54(b) certificate to allow an immediate appeal. The City's attorney remarked that the certificate should be attached to the judgment itself. The court acknowledged counsel's comment but decided to execute a "separate" certificate. Thereafter, the court issued a nunc pro tunc "Addendum," which purported to be a Rule 54(b) certificate.

The Addendum was entered of record on August 7, 2012. It was not attached to the court's May 10, 2012 order; nor did it reiterate the findings and conclusions of law from the order, or incorporate or replicate the order in any way. Rather, it declared the May 10, 2012 order (and related posttrial orders) to be final and set forth facts declaring why there was no

just reason to delay an appeal. Appellants filed subsequent notices of appeal from various orders of the court but did not reference the Addendum.[2]

We conclude that the Addendum does not qualify as a certificate under Rule 54(b). A proper certificate permitting an immediate appeal "*shall* appear immediately after the court's signature on the judgment . . . ." Ark. R. Civ. P. 54(b)(1) (2013) (emphasis added). Our supreme court has construed the word "shall" when used in our Rules of Civil Procedure to mean that compliance is mandatory. *See Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003). The plain language of the rule therefore requires that the certificate be located on the judgment, after the court's signature.

The wisdom of placing the certificate on the judgment itself, rather than on a separate document, is apparent. The presence of the certificate is necessary to grant finality to the judgment. That, in turn, establishes the identity of the order appealed from, which must be included in the notice of appeal, and the date from which to calculate the deadline for filing the notice of appeal.

Because the circuit court's purported certificate in this case was not located on the judgment, it is insufficient to permit an appeal under Rule 54(b). We must therefore dismiss the appeal due to lack of a final order. We also note that, while an interlocutory order granting an injunction is immediately appealable, *see* Ark. R. App. P.–Civ. 2(a)(6) (2013), that rule does not confer appellate jurisdiction in this instance, even though an injunction was

---

[2]Neither these notices of appeal nor any prior notices included a statement that appellants abandoned any pending but unresolved claims. *See* Ark. R. App. P.–Civ. 3(e)(vi) (2013).

entered. When an appeal is taken pursuant to Rule 2(a)(6), the record must be filed within thirty days of the interlocutory order. Ark. R. App. P.–Civ. 5(a) (2013); *Murphree v. Giraffe Tree Serv., Inc.*, 2011 Ark. App. 721. Here, the injunction was entered on May 10, 2012, and the record was filed on October 18, 2012, well beyond the thirty-day mark. *See Po-Boy Land Co. v. Mullins*, 2010 Ark. App. 709.

Dismissed without prejudice.

GLOVER and WHITEAKER, JJ., agree.

*Richard Watkins* and *Connie Watkins*, pro se appellants.

*Michael Mosley* and *Hamilton, Colbert & Scurlock, LLP*, for appellee.