SLIP OPINION

Cite as 2014 Ark. 65

# SUPREME COURT OF ARKANSAS

No. CV-13-705

| | |
|---|---|
| DAN BILLINGSLEY, BRENDA BILLINGSLEY, AND FLOORS AND MORE, INC.<br>APPELLANTS | **Opinion Delivered** February 13, 2014<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-09-1214] |
| V. | |
| BENTON NWA PROPERTIES, LLC<br>APPELLEE | HONORABLE JOHN LINEBERGER, JUDGE<br><br><u>DISMISSED WITHOUT PREJUDICE</u>. |

**CLIFF HOOFMAN, Associate Justice**

Appellants, Dan Billingsley, Brenda Billingsley, and Floors and More, Inc., appeal after the Saline County Circuit Court filed an order on April 23, 2013, granting a motion to enforce a settlement agreement in favor of appellee, Benton NWA Properties, LLC ("Benton NWA"). On appeal, appellants contend that the circuit court erred in ordering that the settlement agreement between the parties should contain a release of all liability for future flooding of property owned by the Billingsleys. Because the circuit court's order failed to contain specific factual findings in accordance with Arkansas Rule of Civil Procedure 54(b), we dismiss the appeal without prejudice.

Dan and Brenda Billingsley owned and operated Floors and More, Inc., off Interstate 30, west of Hurricane Creek in Benton, Arkansas ("West Bank Property"). Benton NWA purchased the property on the east bank of Hurricane Creek across from the property owned



by the Billingleys in 2008 ("East Bank Property"). Appellants filed their second amended complaint on September 20, 2010, and their first amendment to their second amended complaint on April 26, 2011, alleging, in pertinent part, that the past and present owners of the East Bank Property placed fill material in the floodplain of the east bank of Hurricane Creek beginning on or before 2001. Furthermore, the complaint alleged that after the West Bank Property flooded in 2008, the Billingsleys sustained approximately $500,000 in damages to their real property and building and that Floors and More, Inc., sustained a $600,000 loss of inventory, equipment, fixtures, and other improvements, in addition to a $2,500,000 loss in property value. While the complaint lists several causes of action and names many defendants not subject to this appeal, only counts one, two, five, and eight specifically named appellee.

On February 12, 2013, the parties to this appeal orally announced to the court that a settlement agreement had been reached between them. Subsequently, appellants and appellee filed cross-motions to enforce the settlement agreement, since they alleged that there was a disagreement as to the scope of the release. On April 23, 2013, the trial court filed an order finding that "the settlement agreement between plaintiffs and separate defendant Benton NWA Properties, LLC effected a release by plaintiffs of all claims against Benton NWA Properties, LLC and its successors in interest based on current conditions on the property Benton NWA Properties owns on the east bank of Hurricane Creek in Benton, Arkansas, that Benton NWA Properties, LLC's motion to enforce settlement agreement is granted, and that plaintiff's counter-motion to enforce settlement is denied." A month later, the trial court

SLIP OPINION

issued a certificate pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. This appeal followed.

Before addressing the merits of this case, we must first address the sufficiency of the Rule 54(b) certificate. This court has held that the sufficiency of a Rule 54(b) certificate is a jurisdictional issue that this court has the duty to raise, regardless of whether it is raised by the parties. *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432. Rule 54(b) provides, in pertinent part, that the circuit court may direct the entry of a final judgment "only upon an express determination supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." Ark. R. Civ. P. 54(b); *Holbrook v. Healthport, Inc.*, 2013 Ark. 87. Furthermore, the court must execute a certificate "which shall set forth the factual findings upon which the determination to enter the judgment as final is based[.]" Ark. R. Civ. P. 54(b). Therefore, this court has held that "the rule requires the order to include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish such hardship or injustice." *Holbrook*, *supra*.

On May 23, 2013, the circuit court in this case issued the following Rule 54(b) certificate:

> With reference to the issues determined by the Order of this Court entered April 23, 2013, the Court finds:
>
> 1.  A hearing was held in this matter on April 4, 2013, on Benton NWA Properties, LLC's Motion to Enforce Settlement and the Plaintiffs' Counter-Motion to Enforce Settlement.

SLIP OPINION

2. Plaintiffs and Separate Defendant Benton NWA Properties, LLC entered into a settlement agreement.

3. Plaintiffs contend that the settlement agreement did not address damages caused by future flooding of the Plaintiffs' property caused by conditions on Benton NWA Properties' property at the time of the settlement and that they are entitled to recover damages for future flooding. Separate Defendant Benton NWA Properties contends that the settlement entitles it to a release of all past and future liability arising out of the conditions that existed on its property at the time of settlement.

4. The Court granted the Motion of Benton NWA Properties, LLC, ruling that it was entitled to a release of all claims by the Plaintiffs against Benton NWA Properties, LLC and its successors based on current conditions on the property now owned by Benton NWA Properties on the east bank of Hurricane Creek. The Court ordered and directed the plaintiffs to sign the settlement agreement proposed by Benton NWA Properties.

5. The Court finds and certifies that there are additional issues pending in the case; that there is no just reason for delay of the ability of the Plaintiff to appeal the Order of this Court dated April 23, 2013; that the above and foregoing Order should be a final Judgment or Order in accordance with Rule 54(b)(1) of the Arkansas Rules of Civil Procedure, notwithstanding that there are other claims remaining in this case; that an appeal of this Order should be permitted for judicial economy and efficiency; and that the Court has and does hereby direct that this Order be a final judgment for all purposes.

After reviewing the certificate, we find that the order does not comply with the rule. In *Holbrook*, 2013 Ark. 87, this court dismissed the appeal without prejudice, explaining that a one-sentence explanation that "the granting of the motions for partial summary judgment 'renders every other claim by [Holbrook] moot, effectively ending the litigation'" was insufficient. In the instant case, the court order fails to even include a one-sentence factual finding. Thus, we dismiss the appeal without prejudice as the certificate fails to comply with

Rule 54(b), because it does not provide specific factual findings of any danger of hardship or injustice that could be alleviated by an immediate appeal.

Dismissed without prejudice.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellants.

*Quattlebaum, Grooms, Tull & Burrow, PLLC*, by: *E.B. Chiles IV* and *Sarah Keith-Bolden*, for appellee.

SLIP OPINION