

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-13-657

| | |
|---|---|
| SHAWN SPANIER | **Opinion Delivered** February 26, 2014 |
| APPELLANT | APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. CV-2012-29 WD] |
| V. | |
| | HONORABLE GERALD K. CROW, JUDGE |
| BRYAN McCORMICK | |
| APPELLEE | APPEAL DISMISSED WITHOUT PREJUDICE |

**JOHN MAUZY PITTMAN, Judge**

Appellee acquired an interest in certain real property through foreclosure of a junior mortgage on the subject property. Appellee then filed a "Petition to Remove Cloud on Title" of the real property, in which appellant claimed an interest as assignee of a senior mortgage on the property. The trial court granted judgment on the pleadings to appellee, and this appeal followed. We dismiss the appeal for lack of a final order.

The record does not contain orders that resolve all of the claims in this case. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the circuit court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for entry of judgment. Ark. R. Civ.

P. 54(b)(1). In the event the court so finds, it must execute a Rule 54(b) certificate, which shall appear immediately after the court's signature on the judgment, setting forth the factual findings upon which the determination to enter the final judgment is based. *Id.* In the absence of a certificate, any order or judgment that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties. Ark. R. Civ. P. 54(b)(2). Our jurisdiction on appeal is dependent on the presence of a final judgment or a judgment containing a properly executed Rule 54(b) certificate. *Gartman v. Ford Motor Co.*, 2012 Ark. App. 693.

Here, although the order from which the appeal was taken granted appellant judgment against certain third-party defendants, the action was not fully adjudicated because the order contemplates a future hearing to determine the damages to be paid to appellant by those third-party defendants. A Rule 54(b) certification was therefore necessary to confer appellate jurisdiction. However, the purported Rule 54(b) certificate contained in the record is not located on the order after the court's signature, as the rule requires, but is instead a separate document. The certificate, filed several months after the order from which appellant seeks to appeal, is neither part of nor attached to that order. In *Watkins v. City of Paragould*, 2013 Ark. App. 539, this court held that a purported certificate not located on the judgment is insufficient to permit an appeal under Rule 54(b). Under *Watkins*, we must dismiss the appeal without prejudice.

Appeal dismissed without prejudice.
WYNNE and BROWN, JJ., agree.
*Friday, Eldredge & Clark, LLP*, by: *Seth M. Haines* and *Jason N. Bramlett*, for appellant.
*Taylor Law Partners, LLP*, by: *Stevan E. Vowell*, for appellee.

SLIP OPINION