

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-481

| | |
|---|---|
| BOSTON MOUNTAIN REGIONAL SOLID WASTE MANAGEMENT DISTRICT<br><br>APPELLANT<br><br>V.<br><br>BENTON COUNTY REGIONAL SOLID WASTE MANAGEMENT DISTRICT<br><br>APPELLEE | Opinion Delivered December 17, 2014<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-2013-940-5]<br><br>HONORABLE XOLLIE DUNCAN, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## WAYMOND M. BROWN, Judge

Appellant Boston Mountain Regional Solid Waste Management District appeals from a judgment in favor of appellee Benton County Regional Solid Waste Management District following a breach-of-contract action. We do not reach the merits of this appeal and dismiss without prejudice because of an insufficient Rule 54(b) certificate.

Appellant and appellee are regional solid-waste-management districts governed by Arkansas Code Annotated section 8-6-701 et seq. (Repl. 2011). Section 8-6-704(a)(11) of this chapter confers authority on regional solid-waste-management districts to enter into contracts, and from this authority, the parties entered into a contract, entitled the Interlocal Agreement, for the disposal of solid waste.

Pursuant to the terms of the Interlocal Agreement, each party agreed to charge $1.50 per ton on all solid waste generated within its respective district or brought into its district

from another district for disposal. The Interlocal Agreement was binding until May 1, 2016. However, appellant unilaterally terminated the agreement on May 9, 2013, before its specified end-date.

Appellee sued appellant in the Benton County Circuit Court alleging breach of contract and seeking specific performance of the Interlocal Agreement. Appellant answered and counterclaimed for declaratory judgment and affirmative relief. The circuit court ruled in favor of appellee finding that the agreement was valid and binding on both parties, that it contained the provisions required by statute, and that appellant breached the contract. The circuit court ordered specific performance of the Interlocal Agreement through May 2016. It did not, however, rule on appellant's counterclaim.

Appellant timely appealed the circuit court's order. Later, appellant filed a motion for issuance of a certified final judgment. The circuit court entered a certified final judgment that included a Rule 54(b) certification, and appellant filed an amended notice of appeal of the partial judgment of the circuit court.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. Whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte.[1]

A circuit court may certify an otherwise nonfinal order for immediate appeal by

---

[1]*Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432.

executing a certificate pursuant to Arkansas Rule of Civil Procedure 54(b).[2] Rule 54(b) provides in pertinent part that a circuit court may direct the entry of a final judgment "only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." In addition, the rule provides that, if such a determination is made, the court must execute a certificate "which shall set forth the factual findings upon which the determination to enter the judgment as final is based." This rule requires that the certificate include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish such hardship or injustice.[3]

Recognizing that the circuit court did not dispose of all issues in the case, the appellant moved for a certified final judgment, and the circuit court entered a certified final judgment with a Rule 54(b) certificate that provided as follows:

1. The parties entered into an Agreement authorized by Act 209 of 2011, and Arkansas Code Annotated § 8-6-701 et seq.

2. The Agreement was valid and binding on both parties.

3. The Defendant breached the contract when it refused to pay a portion of the fees to the Plaintiff as contemplated by the Agreement.

Upon the basis of the foregoing factual findings, the Court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the Court has and does hereby direct that the judgment shall be a final judgment for all purposes.

---

[2]*Holbrook v. Healthport, Inc.*, 2013 Ark. 87; *Robinson v. Villines*, 2012 Ark. 211.

[3]*Id.*; *Blackman v. Glidewell*, 2011 Ark. 23; *Kowalski, supra.*

Here, the circuit court's Rule 54(b) certificate fails to contain any specific factual findings on any danger of hardship or injustice that could be alleviated by an immediate appeal. Because the Rule 54(b) certificate executed in this case does not conform to the requirements of the rule and the relevant case law, it is ineffective to certify the appeal. Accordingly, we dismiss the appeal without prejudice.

Dismissed without prejudice.

HARRISON and VAUGHT, JJ., agree.

*Harrington, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *Thomas N. Kieklak*, for appellant.

*Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, by: *Curtis E. Hogue*, for appellee.