RHONDA K. WOOD, Associate Justice |,Geraldine Henson appeals' the circuit court’s order dismissing her case with prejudice based on the 'statute of limitations. We cannot reach the merits of the appeal for lack of a final, appealable order. We must, therefore, dismiss the appeal. On October .5, 2015, Henson filed her original complaint that alleged her husband, David Henson, died while a prisoner in the custody of the Benton County jail and under the supervision of the Benton County Sheriffs Office. She subsequently filed four amended complaints. The defendants differ in each complaint, and the amended complaints are | ginternally inconsistent.[1] The defendants listed in the case caption, the introductory paragraph of the complaints, and those accused of specific acts within the complaints differ. The amended complaints do not state that they are incorporating the earlier complaints. For example, the original complaint names the following defendants: Benton County Jail, Benton County Sheriffs Office, Kelley Cradduck, John Doe # 1, John Doe #2, and John Doe #3. The first amended complaint’s case caption lists Cradduck, four named defendants (Jeff Robins, Jeremy Guyll, Olin Rankin, and Janna LNU) and John or Jane Does 1-25. The Benton County Jail and the Benton County Sheriffs Office are not listed, although both had answered the original complaint. The body of the first amended complaint also lists Benton County, Arkansas, as a defendant, but it is not included in the case caption. Henson later filed a second amended complaint. The defendants identified in its caption and body mirrored the first amended complaint. Next, Henson filed a third amended complaint. The case caption lists Crad-duck, Robins, Guyll, Rankin, and Hulet (last name for Janna LNU as identified in the prior complaint) in addition to Keith Ferguson, Michele Wills, and Warren Laf-ferty. She also named as defendants John or Jane Does 8-25.[2] The body of the complaint, however, does not list Cradduck as a defendant but again includes Benton County, Arkansas. In addition, she “name[d] and substituted” Robins, Guyll, Rankin, Hulet, Ferguson, Wills, and ULafferty for “John Doe” defendants 1-7. The caption of Henson’s fourth amended complaint mirrors the third amended complaint’s list of defendants with the exception of adding the Association of Arkansas Counties (AAC) as a defendant. Several motions to dismiss were filed, including two motions to dismiss the fourth amended complaint. Defendants argued that the statute of limitations warranted dismissal of Henson’s claims, that Henson had failed to state a claim against any defendant, and that they were immune to tort and vicarious liability. Following a hearing, the circuit court entered an order granting the motion to dismiss with prejudice because Henson’s complaints were time-barred. The order Henson appeals reads as follows: IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS CIVIL DIVISION GERALDINE HENSON VS. BENTON COUNTY JAIL; BENTON COUNTY SHERIFF’S OFFICE; KELLY CRADDUCK; JOHN DOE #i; JOHN DOE #2; and JOHN DOE #3 CASE NO. CV15-1506-5 ORDER The Plaintiff filed her Fourth Amended Complaint in this action on May 9, 2016. The Defendant filed a motion to dismiss, to which the Plaintiff responded. After a hearing on the motion, and for the reasons set forth in the motion and at the hearing, which the Court finds to be well-founded, the Court finds and holds that Plaintiffs claims are time-barred by the applicable statutes of limitations. For the foregoing reasons, and for good cause shown, the Court hereby finds and Orders that the Defendant’s motion to dismiss should be, and hereby is, GRANTED, and that this case is DISMISSED WITH PREJUDICE. UBefore addressing the merits of Henson’s claim on appeal, we must first analyze whether Henson appeals from a final order. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. An order is not final if it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, unless the circuit court enters a Rule 54(b) certification. Ark. R. App. P.—Civ. 2(a); McKinney v. Bishop, 369 Ark. 191, 252 S.W.3d 123 (2007). We may raise the issue of whether an order is final and subject to appeal sua sponte. Id. In the instant case, the order is not final as to all parties. Even more problematic is the uncertainty as to which defendants were actually dismissed. The order’s caption is identical to the caption of the original complaint. It includes three named defendants—Benton County Jail, Benton County Sheriffs Office, and Kelley Crad-duck—and three John Does. However, the body of the order references only the fourth amended complaint, which identifies different defendants. Additionally, the court granted' “the defendant’s motion to dismiss.” We do not know which motion to dismiss. The defendants who filed the first motion to dismiss the fourth amended complaint were Cradduck, Robins, Guyll, Rankin, Lafferty, Wills, and Benton County. However, the defendants who filed the second motion to dismiss the fourth amended complaint were Cradduck, Ferguson, Robins, Guyll, Rankin, Lafferty, Wills', Hulet and Benton County. Therefore, we cannot determine whether the circuit court dismissed the defendants identified in the caption, the defendants identified in the fourth amended complaint, the defendants who filed the first motion to dismiss the fourth amended complaint, or the | ¿defendants who filed the second motion to dismiss the fourth amended complaint. We refuse to speculate as to this ambiguous order’s meaning.[3] None of the before-listed options include all the defendants, which results in a lack of finality, The dissent sua sponte challenges Henson filing a pro se complaint for wrongful death because the circuit court lacked subject-matter jurisdiction. However, the dissent puts the cart before the horse. We have repeatedly held that we cannot decide whether the circuit eourt lacked jurisdiction without a final order. See, e.g., Tucker v. Lake View Sch. Dist. No. 25 of Phillips Cty., 323 Ark. 693, 697, 917 S.W.2d 530, 533 (1996) (“Because we dismiss this appeal for lack of a final order, we need not reach the issues of whether the chancellor had jurisdiction to hear the case ... ”); String v. Kazi, 312 Ark. 6, 6, 846 S.W.2d 649, 649 (1993) (“We have frequently held that we will not decide.the merits of an appeal when the order appealed from is not a final order.”); Schueck Steel, Inc. v. McCarthy Bros. Co., 289 Ark. 436, 436-37, 711 S.W.2d 820, 821 (1986) (“We have frequently held that we will not decide the merits on an appeal when the order appealed is not a final one.”); McIlroy Bank & Trust v. Zuber, 275 Ark. 345, 346, 629 S.W.2d 304, 304 (1982) (“We do not reach the merits of this appeal as the order appealed from is not final and therefore, not appealable.”); see also Hambay v. Williams, 335 Ark. 352, 356, 980 S.W.2d 263, 265 (1998) (concluding that we could not determine whether the lower' court lacked subject-matter jurisdiction, Rand then address the merits, because the order from which appellant appealed was not final). We cannot conclude that the circuit court lacked subject-matter jurisdiction when we lack appellate jurisdiction. Nevertheless, subject-matter jurisdiction is not at issue in this case. The dissent summarily concludes that Henson filed the complaint on behalf of David’s estate as a personal representative. However, the complaint does not appear to bring the action in the name of the estate. Rather, the original complaint’s caption reads simply “Geraldine Henson,” suggesting she filed the original action on her own behalf as an heir. This may be a potential standing issue, but not one of subject-matter jurisdiction. See Rhuland v. Fahr, 356 Ark. 382, 155 S.W.3d 2 (2004) (affirming circuit court’s dismissal of a complaint because daughter lacked standing to bring wrongful death suit in her capacity as an heir). As the lack of standing does not deprive us of subject-matter jurisdiction, we cannot raise it on our own. Chubb Lloyds Ins. Co. v. Miller County Circuit Court, 2010 Ark. 119, 361 S.W.3d 809. Standing was not considered by the circuit court, and we cannot address it now. See Hunter v. Runyan, 2011 Ark. 43, 382 S.W.3d 643 (“Arguments not raised below, even constitutional ones, are waived on appeal”). For these reasons, we find that the order from which the appellant appealed is not a final, appealable order because there are still claims pending against some defendants. Accordingly, we dismiss this appeal without prejudice so that the circuit court may enter a final order. Appeal dismissed without prejudice. Baker, Goodson, and Hart, JJ., dissent. . The pleadings and motions spell several of the defendants’ names inconsistently. For example, Jeff "Robins” is also spelled Jeff “Robbins;” "Michele” Wills is also spelled "Michelle” Wills; Janna "Hulet” is also spelled Janna "Hulett;” and "Kelley” Cradduck is also spelled "Kelly” Cradduck. For consisten-ed we use the spelling contained in the first pleading identifying the party. . The John and Jane Does numerical assignments also change in each amended complaint. . In their brief on appeal, appellees assert that the appellant "abandoned" her claims against Benton County Jail and Benton County Sheriff's Office. However, a plaintiff cannot "abandon” a defendant that has been named and served. Ford Motor Co. v. Washington, 2012 Ark. 354 (2012). A defendant remains until the circuit court enters an order dismissing it. Id. ("[Arkansas Rule of Appellate Procedure—-Civil 3] requires appellants and cross-appellants to abandon pending and unresolved. claims, but it does not permit appellants and cross-appellants to dispose of parties in the same fashion.”)