Cite as 2020 Ark. App. 225

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-19-405

|  |  |
|---|---|
| CODY JONES AND LAMAR JOY APPELLANTS<br><br>V.<br><br>TRI STATE TRUSS CO. ET AL APPELLEES | **Opinion Delivered:** April 8, 2020<br><br>APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NOS. 24OCV-18-105 & 24OCV-18-106]<br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

### WAYMOND M. BROWN, Judge

Appellants Cody Jones and Lamar Joy separately appeal the order of the Franklin County Circuit Court granting appellee Tri State Truss Company's (Tri State's) motion for summary judgment and dismissing appellants' claim with prejudice. Appellants argue on appeal that the circuit court erred by finding that their claims against Tri State were time-barred and that their amended complaints filed against Tri State on June 26, 2016, did not relate back to May 6, 2016, the filing date of appellants' original complaints. We cannot reach the merits of this appeal because we are without a final appealable order. Therefore, we dismiss the appeal without prejudice.

Only a brief recitation of the facts is necessary. On May 8, 2013, Jones was working as a volunteer on a church expansion project at Jethro Pentecostal when the trusses gave

way, causing Jones to fall. As a result of the fall, Jones was paralyzed. Joy, who was the pastor of the church at the time, also was injured when the trusses caused the building to collapse on top of him. Joy suffered a fractured right hip and fractured lower leg. Both Jones and Joy filed separate complaints on May 6, 2016, against several defendants. In each complaint, appellants listed River Valley Trust, LLC, as the supplier of the trusses. On May 20, appellants both filed motions to substitute Tri State pursuant to Rule 15(c) of the Arkansas Rules of Civil Procedure. The court entered orders on May 25 and 26 granting appellants' motions to substitute Tri State as a party and dismissing River Valley Truss from the suit with prejudice. Appellants each filed their first amended complaints on June 6 naming Tri State as a defendant. Tri State answered both complaints on July 1 claiming the statute of limitations as one of its numerous defenses. The two cases were consolidated by an order entered on November 18. Tri State filed a motion for summary judgment and supporting brief based on the statute of limitations on July 5, 2017. Appellants subsequently filed a motion for dismissal without prejudice, and an order was filed on July 17 dismissing appellants' complaints without prejudice.

Appellants filed separate complaints against Tri State and other defendants on July 13, 2018. Tri State answered the complaints on August 7 and 13, again listing several defenses including the statute of limitations. Separate defendant Holmes Erection, Inc., answered both complaints on August 13 and requested that the cases be consolidated. The motion to consolidate and brief were included with the answer. Tri State filed a motion for summary judgment and supporting brief on September 27. Appellants filed responses and supporting briefs on October 17 and 18. Tri State filed a reply on October 31. The

2

court held a hearing on December 6 and took the matter under advisement. The cases were consolidated by an order filed on December 18. The court issued an order on February 12, 2019, granting Tri State's summary-judgment motion and dismissing appellants' complaints against it with prejudice.

Appellants filed a motion for Rule 54(b) certification on March 4. Tri State responded on March 14, contending that the motion should be denied. An order granting appellants' motion for Rule 54(b) certification was filed on March 15 and 20. A stand–alone Rule 54(b) certificate was filed those same days. The certificate stated in pertinent part:

With respect to the issues determined in the attached judgment, the Court finds:

1. On February 12, 2019 this Court entered an order granting Tri State Truss Company's ("Tri State") motion for summary judgment based upon the statute of limitations.

2. Tri State was dismissed from the lawsuit leaving Holmes Erection, Inc. as the sole remaining Defendant in this matter.

3. There is no just reason for delay to allow Plaintiffs' [sic] an appeal and therefore final judgment in favor of Tri State should be entered with a Rule 54(b) certificate.

4. An immediate appeal is necessary because otherwise Plaintiffs' [sic] will be required to expend valuable time, money and resources in a jury trial against Holmes Erection, Inc. and then appeal the summary judgment granted in favor of Tri State with the risk of an outcome that multiple jury trials could occur causing expenses of duplicative time, money and resources.

5. The foregoing possibility would result in hardship to the parties and can be alleviated by an immediate appeal avoiding the possibility of piecemill [sic] litigation.

6. Judicial economy requires issuance of a Rule 54(b) certificate so as not to waste valuable judicial resources and time.

Upon the basis of the foregoing factual findings, the Court hereby certifies, in accordance with Rule 54(b), Ark. R. Civ. P., that this Court has

determined that there is no just reason for the delay of the entry of a final judgment and the Court has and does hereby direct that the judgment shall be final for all purposes.

Appellants filed timely notices of appeal from the Rule 54(b) certificate.

Appellants argue that the circuit court erred by granting Tri State's summary-judgment motion and dismissing their claims against Tri State with prejudice. We must dismiss this appeal without reaching the merits because we do not have a final, appealable order before us. Although the court issued a Rule 54(b) certificate in this case, it is insufficient in both form and substance. The sufficiency of a certificate pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure is a jurisdictional issue that this court has the duty to raise, regardless of whether it is raised by the parties.[1] Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court.[2] Although the purpose of requiring a final order is to avoid piecemeal litigation, a circuit court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Rule 54(b).[3]

A proper Rule 54(b) certificate grants finality to a judgment that is otherwise not final for appellate purposes. Rule 54(b)(1) requires that a proper certificate "shall appear immediately after the court's signature on the judgment."[4] The word "shall" when used in

---

[1]*Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432.

[2]Ark. R. App. P.–Civ. 2(a)(1) (2019).

[3]*Gray v. White River Health Sys., Inc.*, 2016 Ark. 73, 483 S.W.3d 293.

[4]Ark. R. Civ. P. 54(b)(1) (2019).

our rules of civil procedure is construed to mean that compliance is mandatory.[5] The plain language of the rule therefore requires that the certificate be located on the judgment, after the court's signature.[6]

Here, the Rule 54(b) certificate does not comply with our rules. It was not attached to the court's order, nor did it reiterate the findings and conclusions of law from the order or incorporate or replicate the order in any way.[7] Accordingly, the Rule 54(b) certificate before us in its current form is insufficient to vest jurisdiction with this court.

Even if the certificate had complied with the rule as to form, we would still dismiss on finality grounds. The certificate issued by the circuit court is inadequate in that it does not identify potential hardships or injustices likely to occur apart from the typical expenses, time, and resources of civil litigation against multiple defendants. Thus, the substance of the certificate does not satisfy the requirements of Rule 54(b).

Dismissed without prejudice.[8]

---

[5] *Watkins v. City of Paragould*, 2013 Ark. App. 539.

[6] *Id.*

[7] *Id.*

[8] In addition to the finality problems, there are also problems with appellants' abstracts and addendums. The abstract from the December 6, 2018 hearing in both appellants' briefs is not in first person as required by our rules but seems to be some third-person narrative of what was going on in the hearing. Additionally, both appellants have failed to include Holmes's motion to consolidate the cases, the brief and responses associated with the motion, and the order granting the motion to consolidate. Joy's addendum has other deficiencies in that he has failed to include any of the pleadings, motions, orders, exhibits, etc., that are specific to his case but has instead submitted an addendum identical to Jones's addendum. These deficiencies will have to be corrected prior to another appeal. The deficiencies noted are not exhaustive and we encourage each appellate counsel to review our rules before bringing another appeal.

KLAPPENBACH and VAUGHT, JJ., agree.

*Sexton & Sanders Law Firm, P.A.*, by: *A. Powell Sanders*, *Jacqueline Cronkhite*, and *D. Trey Hopkins III*, for separate appellant Cody Jones.

*Phil Votaw & Associates*, by: *Phil Votaw* and *Josh Jackson*, for separate appellant Lamar Joy.

*Barber Law Firm PLLC*, by: *Scott M. Strauss* and *Ben C. Hall*, for appellee Tri State Truss Co.