Cite as 2021 Ark. App. 230

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-20-350

|  |  |
|---|---|
| PARAMOUNT OIL, LLC<br>APPELLANT<br><br>V.<br><br>KNOX NELSON OIL COMPANY,<br>INC.; AND RETIF OIL & FUEL, INC.<br>APPELLEES | **Opinion Delivered:** May 12, 2021<br><br>APPEAL FROM THE DALLAS<br>COUNTY CIRCUIT COURT<br>[NO. 20CV-16-13]<br><br>HONORABLE DAVID F. GUTHRIE,<br>JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## RAYMOND R. ABRAMSON, Judge

Paramount Oil, LLC (Paramount), appeals the Dallas County Circuit Court order granting Knox Nelson Oil Company, Inc.'s (Knox Nelson's), motion to dismiss. On appeal, Paramount argues that the circuit court erred by finding that a noncompete clause in its contract with Knox Nelson was unenforceable. We must dismiss the appeal without prejudice for lack of a final order.

On July 22, 2016, Paramount filed an amended complaint[1] against Knox Nelson and Retif Oil & Fuel, Inc. (Retif). Paramount alleged that on January 3, 2011, it entered into a contract with Knox Nelson to purchase real property with "the ability to pump and sell diesel." The contract included a noncompete clause. Paramount claimed that Knox Nelson

---

[1]Paramount filed its initial complaint on February 21, 2016, and its first amended complaint on April 21, 2016.

and Retif had merged into one corporation, and it was in violation of the noncompete clause. Paramount asserted claims for breach of contract and fraud.

On August 5, 2016, Knox Nelson moved to dismiss. In the motion, Knox Nelson explained that it and Retif are two separate corporations and that it had entered into a lease agreement with Retif. Knox Nelson argued that the court should dismiss Paramount's breach–of–contract claim because the noncompete clause is unenforceable. Knox Nelson further sought to dismiss the fraud claim because Paramount had failed to allege facts showing an intentional misrepresentation.

On December 1, 2017, Paramount filed another amended complaint against both Knox Nelson and Retif. In that complaint, Paramount alleged that Retif, as a successor, is bound by the contract between Paramount and Knox Nelson. Paramount further added claims for tortious interference with contract or business expectancy and for punitive damages.

On February 22, 2018, the court entered an order granting Knox Nelson's motion to dismiss as to the breach–of–contract claim finding that the noncompete clause was unenforceable.

On September 13, 2019, Paramount moved to voluntarily dismiss Knox Nelson without prejudice, and on September 23, the court entered an order dismissing without prejudice all of Paramount's claims against Knox Nelson.

On January 29, 2020, the court amended its September 23 order. Specifically, the court dismissed with prejudice Paramount's breach–of–contract claim against Knox Nelson, but it dismissed without prejudice Paramount's remaining claims against Knox Nelson. The

court further stated that the "February 22, 2018 Order dismissing [Paramount's] breach of contract/covenant not to compete claim is determined to be a final, appealable court order pursuant to Ark. R. Civ. P. 54. [Paramount] has thirty days from the entry of this order to appeal the February 22, 2018 Order."

On February 22, 2020, Paramount filed a notice of appeal of the January 29, 2020 order. On appeal, Paramount argues that the circuit court erred by finding that the noncompete clause was unenforceable.

We must dismiss the appeal for lack of a final order. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. Although the purpose of requiring a final order is to avoid piecemeal litigation, a circuit court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Arkansas Rule of Civil Procedure 54(b). *Holbrook v. Healthport, Inc.*, 2013 Ark. 87; *Robinson v. Villines*, 2012 Ark. 211.

Rule 54(b) provides in part that the circuit court may direct the entry of a final judgment "only upon an express determination supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54(b) further provides that if such a determination is made, the court must execute a certificate "which shall set forth the factual findings upon which the determination to enter the judgment as final is based." The supreme court has consistently held that the rule requires the order to include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish such

3

hardship or injustice. *Holbrook*, 2013 Ark. 87; *Blackman v. Glidewell*, 2011 Ark. 23; *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432.

In this case, the circuit court's certificate merely states that the "February 22, 2018 Order dismissing [Paramount's] breach of contract/covenant not to compete is determined to be a final, appealable court order pursuant to Ark. R. Civ. P. 54." This one-sentence explanation does not satisfy the requirements of Rule 54(b). *See Holbrook*, 2013 Ark. 87. In the absence of an effective Rule 54(b) certification or a final order, we must dismiss the appeal without prejudice.

Dismissed without prejudice.

HARRISON, C.J., and GRUBER, J., agree.

*Thomas Law Firm, PLLC*, by: *F. Mattison Thomas III*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Charles T. Coleman*, *Jaimie G. Moss*, and *Laura E. Cox*, for separate appellee Retif Oil & Fuel, Inc.

4