Cite as 2024 Ark. App. 477

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-23-609

|  |  |  |
|---|---|---|
| MINOR CHILD | | Opinion Delivered October 9, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73JV-23-12] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CRAIG HANNAH, JUDGE |
| | APPELLEE | |
| | | MOTION GRANTED; DISMISSED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

Minor Child (MC) appeals the White County Circuit Court's order denying his motion to dismiss the State's petition for delinquency. On appeal, MC argues that the circuit court erred by finding that it had jurisdiction of the delinquency petition. The State has moved to dismiss.[1] We find merit in the State's motion, and we dismiss this appeal without prejudice.

On January 9, 2023, the State petitioned for delinquency against MC, who was born in January 2004. The State acknowledged that MC had turned eighteen years old in January

---

[1]The State moved to dismiss the appeal on November 9, 2023, after MC filed his brief. The motion was passed to this panel for consideration with the submission of the case. After the State moved to dismiss the appeal, MC moved to certify the case for transfer to the supreme court and to treat the appeal as a petition for writ of certiorari. The supreme court denied his motion.

2022, but it alleged that he committed three counts of rape and two counts of second-degree sexual assault on minor victims between January 2016 and December 2018, before he reached the age of majority.

On March 14, 2023, MC moved to dismiss the delinquency petition. He argued that the court "had jurisdiction to hear [the] matter until [he] reached the age of 18 years, at which time, the Juvenile Courts lost jurisdiction."

On May 23, the State responded and opposed the dismissal. It asserted that pursuant to Arkansas Code Annotated section 9-27-306(a)(1)(A) (Supp. 2023), a court may retain jurisdiction of a juvenile delinquent up to twenty-one years of age if the juvenile committed the delinquent act before turning eighteen.

On July 17, the court denied MC's motion to dismiss, instead finding that it had jurisdiction pursuant to Arkansas Code Annotated section 9-27-306(a)(1)(A). MC appealed to this court.

The State has moved to dismiss the appeal for lack of a final order. The State argues that this is an interlocutory appeal and that none of the provisions of Arkansas Rule of Appellate Procedure–Civil 2 authorizes an appeal in these circumstances. We agree.

Pursuant to Arkansas Code Annotated section 9-27-343(a) (Repl. 2020), all appeals from juvenile court shall be made in the time and manner provided for appeals in the Arkansas Rules of Appellate Procedure. *See State v. R.H.*, 2009 Ark. 564. Arkansas Rule of Appellate Procedure–Civil 2(c) states in relevant part that appeals in juvenile cases shall be made in the same time and manner as provided for appeals from circuit court.

Subject to a few exceptions not applicable in this case, Rule 2(a) of the Arkansas Rules of Appellate Procedure–Civil provides that this court has jurisdiction to review cases only when a final order has been entered. *Pitchford v. Wright*, 2016 Ark. App. 111. The purpose of the finality requirement is to avoid piecemeal litigation. *K.W. v. State*, 327 Ark. 205, 937 S.W.2d 658 (1997); *C.M. v. State*, 2015 Ark. App. 595. An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy; the order must put the judge's directive into execution, ending the litigation or a separable branch of it. *C.M.*, 2015 Ark. App. 595. Rule 2 does not authorize an interlocutory appeal from the denial of a motion to dismiss generally. *Williams v. McCoy*, 2018 Ark. 17, 535 S.W.3d 266. Further, our supreme court has held that we cannot decide whether the circuit court lacked jurisdiction without a final order. *Henson v. Cradduck*, 2017 Ark. 317, 530 S.W.3d 847. Accordingly, because the order from which MC has appealed is not final, we must dismiss the appeal.

MC claims that this appeal is permissible pursuant to Arkansas Code Annotated section 9-27-343(b), which provides that in delinquency cases, the petitioner may appeal only under those circumstances that would permit the State to appeal in criminal proceedings. He argues that if the circuit court would have granted his motion to dismiss, then the State could have appealed. MC's argument is without merit. Section 343(b) specifically applies to the State. Further, a dismissal of the petition by the circuit court is not at issue here.

Motion granted; dismissed without prejudice.

HARRISON, C.J., and BARRETT, J., agree.

3

*Petty Law Firm*, by: *D. Paul Getty* and *J. Michael Petty*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.